EASTERN GAS & FUEL ASSOCIATES v.
NATIONAL LABOR RELATIONS
BOARD.

No. 10267.

Circuit Court of Appeals, Sixth Circuit.
July 7, 1947.

On Petition for Rehearing Sept. 8, 1947.

John M. Crimmins, of Pittsburgh, Pa., for petitioner.

Ruth Weyand, of Washington, D. C. (Gerhard P. Van Arkel, Morris P. Glushien, A. Norman Somers, Ruth Weyand and Margaret M. Farmer, all of Washington, D. C., on the brief), for respondent.

Before HICKS, ALLEN and MILLER, Circuit Judges.

PER CURIAM.

The petitioner Eastern Gas and Fuel Associates is engaged in the mining and distribution of coal at mines located in Kentucky, Pennsylvania and West Virginia. It maintains offices for the transaction of business in Cincinnati, Ohio, and Cleveland, Ohio. It seeks a review of an order issued by the respondent National Labor Relations Board on May 28, 1946 which directed the petitioner to cease and desist from discouraging membership of its supervisory employees in United Clerical, Technical, and Supervisory Employees, Division of District 50, United Mine Workers of America, Local 303 (hereinafter referred to as United Supervisory); to reinstate James Hicks, a section foreman, without loss of pay; and to post appropriate notices. The respondent seeks enforcement of the order. Jurisdiction of the Board and venue of this review exist by virtue of Section 10(a)(b)(e)(f) of the National Labor Relations Act, 29 U.S.C.A. § 160(a, b, e, f), and are not contested. It is also conceded that United Supervisory is a labor organization within the meaning of Section 2(5) of the Act, 29 U.S.C.A. § 152 (5).

Since 1939 the petitioner has recognized the United Mine Workers of America as the sole collective bargaining representative of the production employees in and around its mines, and has bargained collectively with it on behalf of such employees. Such contracts, however, excluded from coverage supervisory, clerical and technical employees. On February 5, 1943, UMWA changed its rules and regulations so that supervisory and other employees might be admitted to membership. Local Union No. 303 of United Supervisory was chartered on February 3, 1944, with its membership confined to supervisory employees. United Supervisory has no separate constitution, but functions under that of UMWA. The International Union of UMWA has supreme legislative, executive and judicial authority over it. United Supervisory pays dues to UMWA and also submits to it periodic audit of its books. The Trial Examiner and the Board assumed, without deciding, the correctness of petitioner's contention that UMWA controlled and dominated United Supervisory, and this review proceeds upon the same basis.

The Board found that the petitioner discharged Hicks, one of its section foremen, and thereafter refused to reinstate him because of his membership and activity on behalf of United Supervisory, thereby discouraging membership in the Union and the Local and interfering with its employees in the exercise of their rights guaranteed in Section 7 of the Act, 29

U.S.C.A. § 157, and that petitioner had engaged in unfair labor practices within the meaning of Sections 8(1) and 8(3) of the Act, 29 U.S.C.A. § 158(1, 3). These findings are supported by substantial evidence and the petitioner, although not agreeing with them, concedes that they are conclusive on this review.

■ The petitioner contends as a matter of law that foremen engaged in activities on behalf of a union controlled and dominated by, or identical with, the union representing the rank and file employees under the foremen's supervision, are not protected from discharge therefor by Section 8(3) of the National Labor Relations Act, or protected from restraint and coercion against activities on behalf of such a union by Section 8(1) of the Act, and that the Board in ordering the reinstatement with back pay of a foreman employee discharged for activities on behalf of such a union is not effectuating the purposes of the Act within the meaning of Section 10(c) of the Act. These contentions are strongly presented by effective argument. However, since the argument and submission of this appeal the Supreme Court has ruled in several recent cases involving similar issues, so that the question is no longer an open one. Packard Motor Co. v. NLRB, 330 U.S. 485, 67 S.Ct. 789; NLRB v. Atkins Co., decided May 19, 1947, 67 S.Ct. 1265; NLRB v. Jones and Laughlin Steel Corp., decided May 19, 1947, 67 S.Ct. 1274; see also Jones and Laughlin Steel Corp. v. United Mine Workers of America, App.D.C., 159 F.2d 18, cert. denied May 19, 1947, 67 S.Ct. 1350. In the present case the Board found no support for and rejected petitioner's contention that the union membership and activities of petitioner's foremen in Local 303 was incompatible with their full and proper allegiance to management, and, accordingly held that petitioner's foremen were not barred from the protection of Sections 8(1) and 8(3) of the Act. On the authority of the cases above referred to, the petition to review is dismissed and a decree of enforcement will be entered.

On Petition for Rehearing.

Petitioner's petition for rehearing having been duly considered, and it appearing that subsequent to the opinion and entry of the order of this Court on July 7, 1947 the Labor Management Relations Act of 1947, Act of June 23, 1947, Public Law 101, 80th Cong., 29 U.S.C.A. § 141 et seq., has become effective on August 22, 1947, and that paragraph 2(3) of Section 101 of Title 1 of said Act, 29 U.S.C.A. § 152(3), provides that "any individual employed as a supervisor" is not an employee within the provisions of the Act; it is accordingly ordered that the order and judgment of this Court of July 7, 1947 decreeing the enforcement of the order of the National Labor Relations Board of May 28, 1946, be, and it is now modified so as to be limited in its terms to the period ending August 22, 1947.

It is further ordered that said petition for rehearing is overruled in all other respects.