## Philadelphia to use *v.* Lindsay, Appellant.

*Municipalities—Opening streets—Paving—Damages—Due process of law—Act of May 28, 1915, P. L. 599—Constitutional law.*

The principles of law in this case are practically identical with those decided in Philadelphia v. Crew Levick Co., 278 Pa. 218, and are here applied.

Argued December 1, 1925. Appeal, No. 377, Jan. T., 1925, by defendant, from judgment of C. P. No. 5, Phila. Co., June T., 1920, No. 3812, M. L. D., on verdict for plaintiff, in case of Philadelphia to use of J. Joseph McHugh v. Elizabeth Lindsay. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Scire facias sur municipal lien for paving. Before HENRY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $9,515.44. Defendant appealed.

*Errors assigned* were various instructions, quoting record.

*Morton Z. Paul,* for appellant.

*W. B. Saul,* of *Saul, Ewing, Remick & Saul,* for appellee.

PER CURIAM, January 4, 1926:

This was a sci. fa. on a municipal lien filed against defendant's property for paving Delaware Avenue in plaintiff city. No question of fact was raised and the court below directed a verdict in favor of plaintiff for the full amount of the claim, aggregating, with interest, $9,-515.44. Defendant's motion for judgment non obstante veredicto was refused and this appeal followed. The questions raised here are practically identical with those before this court in Philadelphia v. Crew Levick Co., 278 Pa. 218, and there decided against the contention now advanced by defendant. There as here one of the claims made was that the lien violated both the federal and state Constitutions. This court ruled both contentions against plaintiff and on appeal to the United States Supreme Court raising the constitutional questions, the appeal was dismissed in a brief per curiam opinion citing Jett Bros. Distilling Co. v. Carrollton, 252 U. S. 1. Our opinion in the Crew Levick Co. case, which was a sci. fa. on a paving lien for the improvement referred to in the lien in this case, so fully considers and discusses the questions raised in this appeal as to render their further discussion useless.

The judgment is affirmed.