## NATIONAL LABOR RELATIONS BOARD, Petitioner, v. WYANDOTTE TRANSPORTATION COMPANY, Respondent.

### No. 10359.

Circuit Court of Appeals, Sixth Circuit.

March 1, 1948.

Before HICKS, SIMONS, and MARTIN, Circuit Judges.

PER CURIAM.

On June 4, 1947, this court filed an opinion 162 F.2d 101, and entered an order decreeing enforcement of an order of the petitioner, National Labor Relations Board. The respondent filed a petition to rehear.

On June 23, 1947, Congress enacted the Labor Management Relations Act, Public Act 101, 80th Congress, First Session, Chapter 120, 29 U.S.C.A. § 141 et seq., effective August 22, 1947, which amended the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. The court directed that the respondent and the Board file briefs touching the effect of the new Act on the decision of June 4, 1947. The case was heard upon the petition to rehear and the briefs filed in response to the court's direction, and upon consideration thereof, it is now ordered and adjudged that the order of the court decreeing the enforcement of the order of petitioner requiring respondent to cease and desist from the unfair labor practices found, and to bargain collectively with the National Organization, Masters, Mates and Pilots of America, A. F. or L., as the exclusive and duly certified representative of an appropriate unit composed solely of the mates employed on its vessels, be and the same is set aside and for nothing held, and that the petition of the National Labor Relations Board for enforcement of its above mentioned order be and the same is hereby denied.

## ESTATE of Warren H. POLEY, Emily C. P. Longstreth, Executrix, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

### No. 9535.

Circuit Court of Appeals, Third Circuit.

Argued Feb. 17, 1948.

Decided Feb. 27, 1948.

Rehearing Denied March 25, 1948.

Walter C. Longstreth, of Philadelphia, Pa., for petitioner.

Helen Goodner, of Washington, D. C., (Theron Lamar Caudle, Asst. Atty. Gen., and Sewall Key, Robert N. Anderson and Newton K. Fox, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before McLAUGHLIN, O'CONNELL, and KALODNER, Circuit Judges.

PER CURIAM.

The questions here involve the valuation by the Tax Court of certain shares of estate stock and failure of that court to apply the blockage rule to the problem of the value of the shares.

It is not our function in this type of case to substitute our conclusions and inferences for those of the Tax Court. The facts and circumstances furnish a reasonable basis for the conclusion that body reached.

The decision will be affirmed.