NATIONAL LABOR RELATIONS BOARD
v. EDWARD G. BUDD MFG. CO.
No. 10259.

Circuit Court of Appeals
Sixth Circuit.
Aug. 16, 1948.

For former opinion, see 162 F.2d 461.

W. R. Consedine, of Washington D. C. (Gerhard P. Van Arkel and A. Norman Somers, both of Washington, D. C., Joseph B. Robison, of New York City, and Arnold Ordman, and William R. Consedine, both of Washington, D. C., on the brief), for petitioner.

Albert E. Meder, of Detroit, Mich., (Beaumont Smith & Harris of Detroit, Mich., Albert E. Meder, of Detroit, Mich., of counsel), for respondent Budd Mfg. Co.

Decree for enforcement filed June 3, 1947:

Jack G. Evans, of Washington, D. C. (David P. Findling, Ruth Weyand, and Norton J. Come, all of Washington, D. C., on the brief), for N. L. R. B.

Walter M. Nelson, of Detroit, Mich. (Allan R. Rosenberg, of Washington D. C., and Smoot & Riemer, of Cleveland, Ohio, on the brief), for Foreman's Ass'n of America, intervenor.

Beaumont Smith & Harris, of Detroit, Mich. (Albert E. Meder, of Detroit, Mich., of counsel), for respondent Budd Mfg. Co.

Before HICKS, MARTIN, and MIL-LER, Circuit Judges.

MILLER, Circuit Judge.

On June 3, 1947, relying on the authority of Packard Motor Car Company v. National Labor Relations Board, 330 U.S. 485, 67 S.Ct. 789, 91 L.Ed. 1040, this Court ruled that foremen of the respondent, Edward G. Budd Manufacturing Company, were employees within the meaning of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., and decreed enforcement of a cease and desist order of the National Labor Relations Board protecting such employees in their rights under the Act. N. L. R. B. v. Edward G. Budd Manufacturing Co., 6 Cir., 162 F.2d 461. Thereafter on June 23, 1947, Congress enacted the Labor Management Relations Act of 1947, Public Law 101, 80th Cong., 29 U.S.C.A. § 141 et seq., effective August 22, 1947, amending provisions of the National Labor Relations Act. In view of the change in the law with respect to supervisory employees made by this Amendment, respondent petitioned for certiorari. The Foreman's Association of America petitioned for leave to intervene. By order of December 15, 1947, the Supreme Court granted the petition to intervene, granted certiorari to a limited extent and remanded this case to the Circuit Court of Appeals for consideration of the effect of the Labor Management Relations Act on the question to which the grant of certiorari was limited. Edward G. Budd Mfg. Co. v. N. L. R. B., 332 U.S. 840, 68 S.Ct. 262. The case is now before us on this remand.

In view of the questions raised by the parties, it becomes necessary to consider the wording of the Board's order and also the wording of the Supreme Court's Per Curiam and order of remand. The Board's order directed that the respondent—

"1. Cease and desist from:

"(a) Discouraging membership in the Foreman's Association of America, by discharging, laying off or refusing to transfer to production jobs any of its supervisory employees, or by discriminating in any other manner in regard to their hire or tenure of employment or any term or condition of their employment;

"(b) In any other manner interfering with, restraining, or coercing its supervisory employees in the exercise of the right to self-organization, to form, join, assist or bargain collectively through Foreman's Association of America, and to engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection, as guaranteed in Section 7 of the Act."

Paragraphs 2(a) and 2(b) of the order directed the respondent to reinstate Oscar Owens to his former position without prejudice to his seniority and without loss of pay. Paragraphs 2(c) and 2(d) directed the respondent to post appropriate notices and to notify the regional director of its compliance with the affirmative provisions of the order. The Per Curiam and order of the Supreme Court is in part as follows:

"The petition for writ of certiorari is granted limited to the question of the validity of that part of the order of the National Labor Relations Board which directs the petitioner to cease and desist from discouraging membership in the Foreman's Association of America. The judgment of the Circuit Court of Appeals is vacated in that respect and the cause is remanded to that Court for consideration of the effect of the Labor Management Relations Act of 1947, [61 Stat. 136,] 29 U.S.C.A. § 141 et seq., on the question to which the grant of certiorari is limited."

It is contended by the Foreman's Association that under the foregoing order of remand we are limited to a consideration of the effect of the Labor Management Relations Act upon Paragraph 1(a) only of the Board's order, and that Paragraph 1(b) and all of Paragraph 2 of the order remain in full force and effect. Both the respondent and the Board contend that the order of remand brings into consideration not only Paragraph 1(a) of the Board's order but also Paragraph 1(b) and that part of Paragraph 2 of the order dealing with the posting of appropriate notices. We agree with the respondent and the Board. Although a strict literal reading of the order of remand refers merely to that part of the order "which directs the petitioner to cease and desist from discouraging membership in the Foreman's Association of America," which is the wording contained in Para-

graph 1(a) of the order, yet it seems plain to us that the same issue is involved in Paragraph 1(b) of the order; that that part of Paragraph 2 of the order dealing with the posting of appropriate notices is for the purpose of implementing the cease and desist paragraphs of the order; and that a compliance with the true purpose of the mandate requires us to consider all of these provisions rather than merely limiting our consideration to Paragraph 1(a). The proper construction of a court's decree is not to be obtained by seizing upon isolated parts of the decree; rather it is to be determined by an examination of the issues made and intended to be submitted and what the decree was really designed to accomplish. Its scope is to be determined by what preceded it and what it was intended to execute. Mayor and Alderman of City of Vicksburg v. Henson, 231 U.S. 259, 273, 34 S.Ct. 95, 58 L.Ed. 209; Union Pacific R. Co. v. Mason City and Ft. D. R. Co., 222 U.S. 237, 247, 32 S.Ct. 86, 56 L.Ed. 180. The reason for vacating that portion of this court's decree which enforced Paragraph 1(a) applies equally to the cease and desist provision of Paragraph 1(b).

█ We think it is equally clear that Paragraphs 2(a) and 2(b) of the order dealing with the reinstatement of Oscar Owens are not before us for reconsideration. The respondent has fully complied with those provisions of the order. They deal with the past rather than with the future. The general savings statute, 1 U.S. C.A. § 29, provides that the repeal of a statute will not release any liability incurred under such statute unless the repealing act shall so expressly provide. The respondent's obligation to Owens under the Board's order was a liability under the National Labor Relations Act before the Amendment of 1947. The amendment contains no provision for relieving an employer from any liability arising out of any unfair labor practice committed prior to the passage of that Act.

Section 2(3) of the Act as amended provides: "The term 'employee' shall include any employee, * * * but shall not include any individual employed * * * as a supervisor * * *." Section 2(11)

provides: "The term 'supervisor' means any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibility to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment." 29 U.S.C.A. § 152(3, 11). The Foreman's Association contends that the so-called foremen involved in this proceeding are not supervisors as defined by the foregoing section of the Act and are accordingly employees who are entitled to the protection of the Act.

The intermediate report of the trial examiner, adopted by the Board, found as follows:

"The testimony established the fact that the foremen at the plant are supervisory employees who occupy an intermediate position between top management and the rank and file employees. They are in charge of production in their respective departments where they carry out production schedules which have been arranged and blueprinted for them and from which they can only depart in minor matters or in emergencies. All hiring is done through the Employment Office which passes on their requests for help. Foremen can recommend discharges; but those recommendations only become effective after they have been passed upon by the Personnel Department. Foremen have the right and duty of attempting to settle grievances in the first instance, but they are bound by established rules and regulations and the contract between respondent and the Union representing its rank and file employees. Employees who wish to do so have the right to resort to the established grievance procedure and appeal decisions of foremen. In short, foremen are bound by directions from their own supervisors, but in their own departments, as supervisors, they exercise a good deal of discretion in carrying out their orders."

█ We are of the opinion that such duties bring respondent's foremen within the statutory definition of supervisor.

■ The chief argument of the Foreman's Association to the contrary is that the foregoing definition of supervisor should be construed as reading that a supervisor means any individual having authority, in the interest of the employer, to hire *and* transfer, *and* suspend, *and* lay off, *and* recall, *and* promote, *and* discharge, *and* assign, *and* reward other employees as one of the alternatives. The statute does not contain any of the conjunctives contended for. Such a construction would require a supervisor to have all of the powers referred to rather than merely one of them. We see no merit in this contention. In addition to adding something to the statute which is plainly not present, it ignores the use of the word *"or"* in the phrase "or discipline other employees," which immediately follows the enumeration of the preceding qualifications. If Congress had intended the words to be construed in the conjunctive instead of the disjunctive it could easily have used the word "and" and reached that result. Its failure to do so, together with the use of the word "or" leads us to construe the statute in the disjunctive. Clyatt v. United States, 197 U.S. 207, 218, 219, 25 S.Ct. 429, 49 L.Ed. 726.

The Foreman's Association also makes the following objection to the ruling. At the time of the hearing before the trial examiner the classification of supervisors at respondent's plant was as follows: 1 general manager, 7 superintendents, 8 assistant superintendents, 38 general foremen, 78 foremen and 5 assistant foremen. However, the Foreman's Association contends that the 78 employees classified as foremen were in reality assistant foremen reclassified by the respondent as foremen following an early ruling of the Board that foremen were not employees under the Act, and that assistant foremen did not have the necessary authority to make them a part of the respondent's supervisory force. The record shows that foremen have always been on a salaried basis while assistant foremen are obtained from the ranks, are paid on an hourly basis, and receive the same pay as the rank and file of hourly-rated employees. But it seems clear that the only real difference between an assistant foreman and a foreman was the manner in which they were paid. The term assistant foreman was applied to a temporary appointment as foreman, with the same authority as a foreman, required for a short or indefinite time because of a temporary increase in the production cycle. The intermediate report refers to the employees involved in this proceeding as foremen and makes no distinction between foremen and assistant foremen.

■ The respondent contends that since supervisors are not employees under the Labor Management Relations Act, the Foreman's Association is not a "labor organization" with which the National Labor Relations Act deals in §§ 7 and 8 thereof. 29 U.S.C.A. §§ 157, 158. The term "labor organization" is defined in both § 2(5) of the original Act and as amended, 29 U.S.C.A. § 152(5) as "any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work." Although the definition requires that *employees* participate in the organization in order to make it a labor organization, it does not require that the organization be composed exclusively of employees. The fact that persons other than employees are members of a labor organization does not prevent a labor organization, which is otherwise qualified, from continuing to so function. N. L. R. B. v. American Furnace Co., 7 Cir., 158 F.2d 376, 378; N. L. R. B. v. Jas. H. Matthews and Co., 3 Cir, 156 F.2d 706. This view is recognized by the provision of the amendment providing that "nothing herein shall prohibit any individual employed as a supervisor from becoming or remaining a member of a labor organization, * * *" even though the employer need not recognize them as employees for purposes of collective bargaining. 29 U.S.C.A. § 164(a). The constitution of the Foreman's Association shows that it admits to membership persons who are not supervisors but who are employees within the meaning of the amended Act. We are of the opinion that on the present

record the Foreman's Association qualifies as a labor organization under the provisions of the Act.

█ We also reject the respondent's contention that the mandate of the Supreme Court does not require or permit us to pass upon the constitutionality of the Labor Management Relations Act. The constitutionality of the Act was put in issue in general terms by the motion of the Foreman's Association before the Supreme Court to intervene. Certiorari was granted with respect to the "validity" of that part of the order which directed the respondent to cease and desist from discouraging membership in the Association. We are of the opinion that a consideration of the validity of the order, because of the enactment of the Act, necessarily involves the question of whether the Act is constitutional and valid. Baltimore & Potomac R. Co. v. Hopkins, 130 U.S. 210, 224, 9 S.Ct. 503, 32 L.Ed. 908; Jett Bros. Distilling Co. v. City of Carrollton, 252 U. S. 1, 6, 40 S.Ct. 255, 64 L.Ed. 421; Schaff v. J. C. Famechon Co., 258 U.S. 76, 81, 42 S.Ct. 189, 66 L.Ed. 472.

█ The Foreman's Association contends that §§ 2(3, 11) and 14(a) of the amended Act, 29 U.S.C.A. §§ 152(3, 11) and 164(a), are unconstitutional as attempting to authorize employers to abridge the fundamental rights secured to supervisory employees by the First Amendment of the United States Constitution. This contention is based upon the assumption that the guarantees of freedom of speech, and of the press, and right of assembly, contained in the First Amendment include the right of employees to be affirmatively protected in their organizational activity against employer interference; that such protection afforded by the National Labor Relations Act is a constitutional right; and that Congress has no right to withdraw this protection by the provisions of the amended Act. We do not agree with this contention. The right of employees to form labor organizations and to bargain collectively through representatives of their own choosing with employers has long been recognized. N. L. R. B. v. Jones & Laughlin Steel Corporation, 301

U.S. 1, 33, 34, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352. This right is protected by the Constitution against *governmental* infringement, as are the fundamental rights of other individuals But prior to the National Labor Relations Act no federal law prevented *employers* from discharging employees for exercising these rights or from refusing to recognize or bargain with labor organizations. The National Labor Relations Act created rights *against employers* which did not exist before. N. L. R. B. v. Jones & Laughlin Steel Corp., supra. Such rights, however, were not private rights vested in the employees but were public rights protected by the power placed by the Act in the National Labor Relations Board. Amalgamated Utility Workers v. Consolidated Edison Co., 309 U.S. 261, 60 S.Ct. 561, 84 L. Ed. 738; National Licorice Co. v. N. L. R. B., 309 U.S. 350, 362, 363, 60 S.Ct. 569, 84 L.Ed. 799; Phelps Dodge Corporation v. N. L. R. B., 313 U.S. 177, 192, 193, 61 S. Ct. 845, 85 L.Ed. 1271, 133 AL.R. 1217. There is nothing in the amended Act which restricts freedom of speech on the part of supervisory employees. Section 14(a) of the amended Act specifically reserves to them the right to join a labor organization. The rights guaranteed by the First Amendment are not interfered with. The amended Act merely changes the statutory method of enforcing those rights. What Congress gave by the original Act in the way of enforcement provisions was pursuant to the policy determined by Congress at that time, which it was privileged to change by a later exercise of such power when and if it seemed advisable to it that such policy be changed. The argument to the contrary would deny to Congress the right to repeal the Act in its entirety after it was once placed in the statutes in 1935. Such legislation does not create vested rights with respect to transactions in the future.

█ The Foreman's Association further contends that §§ 2(3, 11) and 14 (a) of the amended Act are based upon arbitrary classification with resulting discrimination against supervisory employees and so violate the Fifth Amendment of the Constitution of the United States. It is

well recognized that discriminatory legislation may be so arbitrary as to violate the due process clause of the Fifth Amendment. Nichols v. Coolidge, 274 U.S. 531, 47 S.Ct. 710, 71 L.Ed. 1184, 52 A.L.R. 1081;. Minski v. United States, 6 Cir., 131 F.2d 614, certiorari denied 319 U.S. 775, 63 S.Ct. 1431, 87 L.Ed. 1722 (ruling affirmed, 319 U.S. 463, 63 S.Ct. 1241, 87 L. Ed. 1519). It is equally well recognized that Congress has broad discretion in making statutory classifications, that such a classification is not invalid if it bears a reasonable relation to the purposes of the legislation, that legislative classification is presumed to rest on a rational basis if there is any conceivable state of facts which would support it, and that the courts will not inquire into the necessity of such classification if it is not patently irrational and unjustifiable. McCulloch v. Maryland, 4 Wheat. 316, 422, 4 L.Ed. 579; Carmichael v. Southern Coal & Coke Company, 301 U. S. 495, 509, 513, 57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327; Charles C. Steward Machine Co. v. Davis, 301 U.S. 548, 584, 585, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L.R. 1293; Helvering v. Davis, 301 U.S. 619, 646, 672, 57 S.Ct. 904, 81 L.Ed. 1307, 109 A.L.R. 1319. There are numerous instances of valid legislation which has classified and exempted certain types of employees from the provisions of the legislation being enacted. The National Labor Relations Act as originally enacted in 1935 exempted agricultural labor, domestic employment, and any individual employed by his parent or spouse. 29 U.S.C.A. § 152 (3). It gave rights to employees which it withheld from employers. See N. L. R. B. v. Jones & Laughlin Steel Corporation, supra, 301 U.S. at page 46, 57 S.Ct. page 628, 81 L.Ed. 893, 108 A.L.R. 1352. The Fair Labor Standards Act exempted from its minimum wage and maximum hour provisions numerous types of employees, including any employee employed in a bona fide executive, administrative, professional or local retailing capacity, or in the capacity of outside salesman, or as a seaman, or employed in agriculture, or employed in connection with publication of certain newspapers. 29 U.S.C.A. § 213(a). In the Longshoremen's and Harbor Workers'

Compensation Act the term "employee" does not include a master or member of a crew of any vessel, nor any person engaged by the master to load or unload or repair any small vessel under 18 tons net. 33 U.S.C.A. § 902(3). In the Federal Insurance Contributions Act, agricultural labor, domestic servants, casual labor, and governmental and state employees are exempted. 26 U.S.C.A. Int.Rev.Code, § 1426(b). In the Social Security Act, Congress exempted from its provisions agricultural, charitable, domestic and educational employees, and employees of employers employing less than 8 persons. 42 U.S.C.A. §§ 409, 1107. In enacting the Labor Management Relations Act of 1947, Congress gave careful consideration to the proposal to exclude supervisory personnel from the definition of employees. Report (No. 245) of the House Committee on Education and Labor on H. R. 3020; Report (No. 105) of the Senate Committee on Labor and Public Welfare on S. 1126; Cong. Rec. April 15, 1947, page 3533; April 23, 1947, page 3952; April 28, 1947, page 4260; May 1, 1947, page 4490; May 12, 1947, page 5146; June 6, 1947, page 6660. As pointed out by Justice Douglas in his dissenting opinion in Packard Motor Car Co. v. N. L. R. B., supra, 330 U.S. at page 496, 67 S.Ct. page 795, 91 L.Ed. 1040; "Trade union history shows that foremen were the arms and legs of management in executing labor policies. In industrial conflicts they were allied with management." We are of the opinion that the action of Congress in deciding as a matter of policy that in the enforcement of the National Labor Relations Act supervisory employees must be treated as either a part of management or as a part of the employees, and in treating them as a part of management, was based upon substantial and real considerations, and was not an arbitrary or unjustifiable classification.

The chief objection of the Foreman's Association to such a classification is that it deprives the supervisory employees of the protection given by the Act to other employees. But the Act also fails to give this protection to others who constitute a part of management. Whether it is desirable or undesirable, as a matter of pol-

1

icy, for foremen to organize and be classified as employees, is for Congress, not the Court, to determine. Packard Motor Car Co. v. N. L. R. B., supra, 330 U.S. at pages 490, 493, 67 S.Ct. at pages 792, 793, 91 L. Ed. 1040.

■ We do not agree with the further contention that the supervisory employees have been deprived of a property right in violation of the Fifth Amendment, or that the Amendment is akin to a bill of attainder, designed to punish, as in United States v. Lovett, 328 U.S. 303, 66 S.Ct. 1073, 90 L.Ed. 1252. We have already pointed out that the rights created by the original act are public rights, not private rights. There is no vested right in individuals to have the rules of law remain unchanged for their benefit. Middleton v. Texas Power & Light Company, 249 U.S. 152, 163, 39 S.Ct. 227, 63 L.Ed. 527; New York Central R. Co. v. White, 243 U.S. 188, 198, 37 S.Ct. 247, 61 L.Ed. 667, L.R.A. 1917D, 1, Ann.Cas.1917D, 629. A proceeding by the Board is in the public interest, and is remedial and preventative, rather than punitive in its nature. N. L. R. B. v. Thompson Products, Inc., 6 Cir., 130 F.2d 363, 367. The Amendment is not directed against any named individuals or easily ascertainable members of a group. It expresses a policy, applicable to all within a general classification, not found to be either arbitrary or invalid; it is remedial public legislation rather than punitive to the individual. Congress was not interested in the activities of supervisors as individuals.

■ The Foreman's Association contends that Sections 102 and 103 of the Amendment violate Article 1, Section 1 of the U. S. Constitution in that it is an unconstitutional delegation of legislative power. Section 102 deals chiefly with saving for a limited time the validity of closed shop agreements made prior to the effective date of the Amendment, which are banned by the Amendment. It is not restricted to supervisors. It does not protect supervisors who are taken from the coverage of the Act. We do not agree with the contention that it delegates to the employer the right to extend protection to certain supervisors selected by it through the expedient of making a closed shop agreement effective for a limited time after the effective date of the Act. Section 103 deals with existing certifications of representatives and collective bargaining contracts. Such questions are not involved in this case, making it unnecessary and inappropriate to pass on the constitutionality of the section. United States v. Petrillo, 332 U.S. 1, 9-12, 67 S.Ct. 1538, 91 L.Ed. 1877.

■ We find no merit in the further contentions that the Amendment is unconstitutional by reason of the vagueness of its provisions, particularly in the definition of the term "supervisor," and that the unconstitutionality of other sections, with which the sections under consideration are inseparable, renders the entire Amendment unconstitutional. In our opinion, the provisions we have hereinabove considered are not vague or indefinite; they clearly indicate the purpose of Congress, as shown by the opposition to the Act at the time of its consideration by Congress. Other provisions of the Amendment are not before us for a determination of their constitutionality. United States v. Petrillo, supra. The Amendment contains a separability provision, which in any event, would seem to authorize a ruling on the provisions under consideration herein separately from the other provisions referred to. Sec. 503, Labor Management Relations Act, 29 U.S.C.A. § 144.

■ We believe it is clear that Congress intended by the enactment of the Labor Management Relations Act that employers be free in the future to discharge supervisors for joining a union, and to interfere with their union activities. The cease and desist provisions of the Board's order would enjoin the respondent from engaging in conduct in the future which is now lawful. They should, accordingly, be set aside. Eastern Gas and Fuel Associates v. N. L. R. B., 6 Cir., 162 F.2d 864, 866, N. L. R. B. v. Wyandotte Transportation Co., 6 Cir., 166 F.2d 434; L. A. Young Spring and Wire Corporation v. N. L. R. B., 82 U.S.App.D.C. 327, 163 F.2d 905.

The provision of the order requiring the posting of notices merely implements the cease and desist portions of the order and should likewise be eliminated. The other provisions of the order are not affected. Accordingly, an order will be entered modifying the judgment of this Court entered on June 3, 1947 and setting aside Paragraphs 1(a), 1(b) and 2(c) of the Board's order of January 30, 1946, leaving in force and effect the other provisions of the order of which we have heretofore decreed enforcement.