Breitel, J.
Plaintiffs, State employees, on their own behalf and those similarly situated, and the Civil Service Employees Association, Inc., in a submitted controversy upon an agreed statement of facts, sought a declaratory judgment and injunction against the Public Employment Belations Board. Pending before the board were applications to designate the positions of the .employees as “managerial” or “ confidential ”. *58 Onqe so designated, the employees would be barred by statute from membership in public employee bargaining organizations. Plaintiffs contend that the statute denies the employees freedom of association and equal protection of the laws and would impair contractual benefits under insurance prográms sponsored by the employee organization. They also contend that -standards for designating managerial and confidential employees are impermissibly vagtie. They have appealed from ail order directing judgment in favor of defendants.
The -order, of the Appellate Division should be .affirmed. The exclusion of managerial -personnel from collective bargaining rights has long been permitted by statute and decisional law affecting private employment. The need to have a responsible cadre of management personnel to formulate policy and to handle labor relations is equally applicable to the State in its capacity as an einployer. The statutory criteria which govern designation of managerial personnel are sufficiently clear to withstand constitutional attack.
In 1971, the Civil Service Law was amended to provide for designation of certain public employees as ‘ * managerial ’ ’ and “confidential” employees who may not be members of or hold office in any organization which represents, or seeks to represent public employees (L. 1971, ch. 503, §§ 4, 16, ch. 504, § 1). Section 201 (subd. 7) of the Civil Service Law, as amended, provides: “ (a) The term ‘ public employee’ means any person holding a position by appointment or employment in the service of a public employer, except that such term shall not include * * * persons who may reasonably be designated from time to time as managerial or confidential upon application of the public employer * * # Employees may be designated as managerial only if they are persons (i) who formulate policy or (ii) who may reasonably be required on behalf of the public employer fto assist directly in the preparation for and conduct of collective negotiations or to have a major role in the administration of agreements or in personnel administration provided that such role is not of a routine or clerical nature and requires the exercise of independent judgment. Employees may be designated as confidential only if they are persons who assist and act in a confidential capacity to managerial employees described in clause *59 (ii).” Section. 214 of the Civil Service Law, added in 1971, provides: “No managerial or confidential employee, as determined pursuant to subdivision seven of section two hundred one of this article, shall hold office in or be a member of any employee organization which is or seeks to become pursuant to this article the certified or recognized representative of the public employees employed by the public employer of such managerial or confidential employee.”
Plaintiffs Shelofsky, Nickerson, and Wagner are State employees and members of the Civil Service Employees Association, a certified representative of State employees in the Executive Branch. Shelofsky is an Unemployment Insurance Accounts Assistant Supervisor in the Department of Labor and has been a member of the association since 1945. He maintains convertible term life insurance, and. accident and health insurance through the association. Wagner is a Budget Analyst in the Department of Audit and Control and has been a member of the association since 1965. He is president of the Capital District Conference of the association. Nickerson is a Senior Stenographer in the Department of Social Services and is also an officer of the association. She maintains $5,500 of convertible term life insurance through the association.
In September, 1971, pursuant to section 201 (subd. 7) defendant Abe Lavine, the Director of Employee Relations, requested the designation of 7,600 employees, including plaintiffs Shelofi* sky, Nickerson, and Wagner, as “managerial” or “confidential”. In January, 1972, the board issued preliminary designations of managerial and confidential employees, giving interested parties 30 days to file objections. The board scheduled hearings to resolve factual disputes during the pendency of this litigation with final decisions being held in abeyance.
The exclusion of supervisory personnel from collective bargaining rights enjoyed by employees is not a new concept (see Rains, Collective Bargaining in the Public Sector and the Need for Exclusion of Supervisory Personnel, 23 Lab. L. J. 275). In 1947, the Taft-Hartley Act (Labor Management Relations Act) amended the National Labor Relations Act in part to exclude “supervisors” from collective bargaining rights enjoyed by private employees generally (District 2, Mar. Engrs. Beneficial Assn. v. New York Shipping Assn., 22 N Y *60 2d 809, 812, cert. den. 393 U. S. 960; Westinghouse Elec. Corp. v. N. L. R. B., 424 F. 2d 1151, 1158 [7th Cir.], cert. den. 400 U. S. 831; see Warner Co. v. N. L. R. B., 365 F. 2d 435, 437 [3d Cir.]; Ann., Labor Relations Act — Supervisors, 40 ALR 2d 415). The Taft-Hartley Act was upheld against a constitutional attack almost- identical to that urged here in National Labor Relations Bd. v. Budd Mfg. Co. (169 F. 2d 571, 578 [6th Cir.], cert. den. 335 U. S. 908). In the Budd case, involving private employees, it was held the exclusion of supervisory personnel from collective bargaining rights did not infringe their First Amendment rights -of freedom of assembly and was not an arbitrary classification violative of due process. The objective of the Taft-Hartley Act, held permissible in the Budd case, was to assure the employer of a loyal and efficient cadre of supervisors and managers independent from the rank and file (National Labor Relations Bd. v. Retail Clerks Int. Assn., 211 F. 2d 759, 763-764 [9th Cir.], cert. den. 348 U. S. 839). That objective is equally applicable to the State, as an employer (see Rains, Collective Bargaining in the Public Sector and the Need for Exclusion of Supervisory Personnel, supra).
In the Budd case, the court also rejected the contention that the definition of the term “supervisor” was unconstitutionally vague (169 F. 2d, at p. 579). In the Federal statute, a supervisor is defined as an “individual having authority, in the interest of ]he employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees* or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not merely -of a routine or clerical nature, but requires the use pf independent judgment ” (U. S. Code, tit. 29, § 152, subd. [11]). The language of section 201 (subd. 7) of the Civil Service Law, quoted above, is similar and is sufficiently detailed to withstand attack for vagueness.
Plaintiffs’ contentions that insurance contract rights would be impaired are not persuasive. Those contracts were entered in contemplation that the State had continuing power to legislate on matters affecting public employees (see 9 N. Y. Jur., Constitutional Law, § 270). Participation in the insurance plans was made contingent on continued association member *61 ship. Moreover, it might be noted that the State has secured similar insurance coverage for affected employees, although plaintiffs contend the association coverage is superior.
Plaintiffs also contend that the statute would impair the association’s previous collective bargaining agreement with the State. The association’s contract with the State expired in March, 1972 and subdivision 7 of section 201 expressly postpones redesignation of affected employees until after the contract expires. Hence, plaintiffs’ rights under the collective agreement will not be impaired.
In sum, there has been no showing that exclusion of management personnel from association membership is an unreasonable limitation on State employees. Withholding the benefits of collective bargaining from management personnel has long been approved in private employment. Its carry-over into public employment is a reasonable means of promoting harmonious labor relations.
As said in Matter of Di Maggio v. Brown (19 N Y 2d 283, 287): “ There is no constitutional provision which vests one with the right to governmental employment, or which bars the imposition of reasonable and necessary limitations and conditions on such employment” (see, also, City of New York v. De Lury, 23 N Y 2d 175, app. dsmd. 394 U. S. 455, upholding the constitutionality of the Taylor Law ban on strikes by public employees).
Thus, the scheme for designating managerial and executive employees and segregating them from rank-and-file collective bargaining arrangements, has ample precedent and is based on a realistic analysis of labor relations. The need for the distinction is perhaps greater in public employment where there are no vested “ employers ” as owners or a management associated with the employing owners. To be sure, problems arise in private employment, and still greater problems in public employment, in distinguishing managerial employees from others. These problems undoubtedly will give rise to recurring disputes in particular instances. But it is to handle such disputes that the procedure, including hearings, may be invoked as has been done in these public employment cases. ' The resolution of particular disputes may require eventual review, but *62 this appeal is concerned oiily with the general attack op the scheme, which attack, for the reasons given,, should fail.
Accordingly,', the order of the Appellate Division should he affirmed, without costs.
Chief Judge Fuld and Judges Burke, Jasen, Gabrielli, Jones and Wachtler concur.
Order affirmed.