■ In the Matter of CIVIL SERVICE TECHNICAL GUILD, LOCAL 375, DC 37, A.F.S.C.M.E., AFL-CIO, Respondent, v ARVID ANDERSON, as Chairman of the Board of Certification of the Office of Collective Bargaining of the City of New York, et al., Appellants.—Order, Supreme Court, New York County, entered November 27, 1979 insofar as it annulled a determination of respondents-appellants Board of Certification of the Office of Collective Bargaining *et al.* (the board), challenged by petitioner-respondent Civil Service Technical Guild, etc. (the guild) and remanded to the board for further proceedings, affirmed, on the law, without costs. The guild brought on this article 78 proceeding after a determination by the board designating certain titles of municipal employees as managerial or confidential. Special Term found that the board "acted in excess of its authority and contrary to the prescribed standards expressed in the Taylor Law" and remanded to the board for a determination pursuant to those standards. We agree and affirm. Managerial and confidential employees are excluded from the right to bargain collectively pursuant to the New York City Collective Bargaining Law (Administrative Code of the City of New York, § 1173-4.1). The board is vested with jurisdiction to determine managerial and confidential status, subject however to the criteria provided in section 201 (subd 7, par [a]) of the Civil Service Law, as follows: "Employees may be designated as managerial *only* if they are persons

(i) who formulate policy or (ii) who may reasonably be required on behalf of the public employer to assist directly in the preparation for and conduct of collective negotiations or to have a major role in the administration ·of agreements or in personnel administration provided that such role is not of a routine or clerical nature and requires the exercise of independent judgment. Employees may be designated confidential *only* if they are persons who assist and act in a confidential capacity to managerial employees described in clause (ii)." (Emphasis added.) By the clear import of its terms, the application of this section to the standards and criteria for the designation of managerial and confidential employees is mandatory. The board acted in excess of its authority by adopting standards different from and in addition to those provided. Further, the board utilized a "rebuttable presumption of manageriality" upon presentation by the city of job specifications for a title which included clear authorization for the assignment of managerial duties and proof that the title was included in the managerial pay plan. This so called "presumption" is another violation of the statutory standard. Inclusion in the managerial pay plan is not a criteria set forth in section 201 (subd 7, par [a]) of the Civil Service Law. Concur— Murphy, P. J., Ross, Yesawich and Carro, JJ.

Kupferman, J., dissents in a memorandum as follows: This is an article 78 proceeding brought to review a determination of respondent-appellant Board of Certification of the Office of Collective Bargaining of the City of New York (board) determining that certain employees of respondents-appellants City of New York (city), the Health and Hospitals Corporation, the Board of Higher Education and the New York City Housing Authority should be classified as "managerial" employees and therefore not entitled to bargain collectively in accordance with article 14 of the Civil Service Law (the Taylor Law), and more specifically section 201 (subd 7, par [a]). In 1975, proceedings were instituted by the city seeking a board determination that all employees in "All titles in the Managerial or Executive Pay Plans" are managerial and/or confidential. The petitioner-respondent union herein filed an objection to the city's petition and, in addition, filed its own petition requesting certification as exclusive representative for specific titles of public employees. The matters were consolidated, several agreements between the parties were attempted but ultimately aborted, and several series of hearings were conducted, the last of these concluding in 1978. Some 40 job titles covering 500 municipal employees were then at issue. Nineteen of these were finally determined by the board to be either managerial and/or confidential. As public employees so classified, persons occupying these positions are not permitted to become members of, nor be represented by, employee organizations for the purpose of collective bargaining. (Civil Service Law, § 201, subd 7, par [a].) Special Term dismissed as time barred the third, fourth and fifth causes of action in which petitioner-respondent union claimed that the board's determination was arbitrary and capricious. That dismissal has not been appealed. The remaining first and second causes of action claim that the board violated the statutory procedures for making this determination, thus rendering such determination void for want of jurisdiction. *(Matter of Foy v Schecter,* 1 NY2d 604, 612.) In these proceedings and on appeal, the union specifically contends that the board exceeded its authority by an administrative practice of utilizing its own general

guidelines or informal criteria in lieu of, and at variance with, the applicable statute, and also by employing a presumption of manageriality which improperly shifted the city's burden of proof to the union. Special Term in the opinion accompanying its decision, held that the statutory criteria were pre-emptive in nature, and in essence, that application of criteria other than that explicitly set out in section 201 (subd 7, par [a]) of the Civil Service Law is thus violative of that statute. The section reads in pertinent part as follows: "Employees may be designated as managerial only if they are persons (i) who formulate policy or (ii) who may reasonably be required on behalf of the public employer to assist directly in the preparation for and conduct of collective negotiations or to have a major role in the administration of agreements or in personnel administration provided that such role is not of a routine or clerical nature and requires the exercise of independent judgment. Employees may be designated as confidential only if they are persons who assist and act in a confidential capacity to managerial employees described in clause (ii)." The court found that the board did not apply the statutory criteria, and that the guidelines it did use were not shown to be in substantial conformity with the statutory criteria, although directed toward the same goals. The court, in assessing the guidelines, found them to be confusing, unworkable, and not clear standards upon which to base an administrative decision. The guidelines in question consist of factors considered as indicia of manageriality, derived from past experience of the board and developed in successfully reaching decisions in similar situations and circumstances. Special Term characterized these guidelines, or informal standards, as administrative rules, the functional equivalent of substantive law, and, therefore, even if the guidelines were held to be substantially equivalent to the statutory criteria and otherwise consistent with the Taylor Law, because they were not formally adopted pursuant to NYCCBL § 1173-6.0, their application by the board would still render the board's decision to be in excess of its authority. Contrary to these findings at Special Term, I would hold that the board did properly comply with the requirements of the Taylor Law in all respects. Inasmuch as all charges of the board having acted in an arbitrary and capricious manner were eliminated as time barred, the only ground upon which Special Term could annul the board determinations was that it had acted in excess of its authority. The Office of Collective Bargaining (OCB) is an agency especially constituted to administer the Taylor Law in municipal labor relations. As such its construction of the Civil Service Law (where the Taylor Law is embodied) must be upheld unless it is "either irrational or so contrary to public policy as to be 'legally [im]permissible' " *(Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd.,* 48 NY2d 398, 405). This reasoning is predicated on a presumption that OCB and its board have developed an expertise in such matters, and that this permissible delegation of authority will be " 'reasonably' exercised within the standards set by the Legislature." *(Matter of Shelofsky v Helsby,* 39 AD2d 168, 170, affd 32 NY2d 54.) The board in its certifying process resorted to the guidelines, but not slavishly, nor without reviewing the evidence as a whole, nor without constant reference to the statutory criteria and its goals. The board contends, and I agree, that the factors used as indicia of manageriality, when considered together, are appropriate aids in determining either

who formulates policy (Civil Service Law, § 201, subd 7, par [a], cl [i]) or who may reasonably be required to assist in collective bargaining (Civil Service Law, § 201, subd 7, par [a], cl [ii]), and therefore theirs is a reasonable construction of the statute. Development of these guidelines* goes a long way in assuring consistency in board determinations. Furthermore, in the application process itself, the board actually certified several titles which had aspects covered by one or more of the factors. For example, principal engineers, who were included in the managerial pay plan (one of the factors of the guidelines), were certified and therefore not designated managerial. The board had determined by an evaluation of the job specifications for this title that persons in this title did not perform, nor could they reasonably be required to perform managerial roles because they had not taken and passed the administrative engineer examination. In short, the board's conclusions in this case were rationally based on articulated facts and in substantial conformance with the statutory criteria and should, therefore, be upheld. *(Matter of Incorporated Vil. of Lynbrook v New York State Public Employment Relations Bd., supra; Matter of Shelofsky v Helsby, supra; see, also, National Labor Relations Bd. v Yeshiva Univ.. 444 US 672, 691.)* The second basis of Special Term's decision rested on the board's unauthorized use of a presumption of manageriality. The court viewed this so-called rebuttable presumption as substantive criteria which "conflicts with the expressed mandate of the Taylor Law favoring collective bargaining and it improperly shifts the burden of proof from the City to the union." The board and city both contend that this rebuttable presumption is merely a procedural device for the city to establish a prima facie case of manageriality upon presenting evidence establishing that (a) the civil service specifications for the job title include clear authorization for the assignment of managerial duties to persons employed in the title; and (b) persons employed in the title are actually assigned to managerial duties; and (c) the title is covered by the managerial pay plan. Again, in its experience and expertise the board has found that the elements of this presumption, taken together, are strong indicia of manageriality. This device enables the board to set the point at which the evidentiary burden of going forward shifts to the union. This is a far different matter than shifting the burden of proof. In this proceeding, the titles of principal engineer, assistant directors of technical services, the health facilities planner series of titles, and principal urban designer were determined not to be managerial after further evidence in opposition was presented. And, in fact, board conclusions were based not only on the elements making up the presumption, but on the totality of evidence, with the all encompassing standard being the citeria of section 201 (sub 7, par [a]) of the Civil Service Law. Both the language of the elements of the presumption and the manner in which the presumption was applied, give ample indication that the burden is and was at all times on the city clearly to establish the status of a title to exempt it from certification. The board's decision was not based upon the presumption per se, but upon all the evidence, both the evidence which

---

* It is not unusual for an administrative agency to develop guidelines or criteria to help govern the determination of what falls within a statutory requirement. (See, e.g., *Chisholm v Federal Communications Comm.*, 538 F2d 349, 357, cert den 429 US 890.)

satisfied the elements of the presumption, and all other proffered evidence. I would reverse and dismiss the proceeding.

