SHORES, Justice
(dissenting):
I dissent. I agree with the well-reasoned opinion of the trial judge, which, I think, is supported by the authorities cited in the order, which is set out in part as follows:
“All parties have stipulated that there are no disputed questions of fact involved in the determination of these issues, but rather that they are questions of law and the interpretation of certain provisions of the Mayor-Council Act and of Executive Order 36-81.
“The Mayor-Council Act provides that ‘all powers of the city’ and the right to ‘deter *1289 mine policies^ or ‘the determination of all matters of policy’ are vested in the City Council. [Sections 2.02 and 3.07] The May- or-Council Act does not define the word ‘policy’ but it is defined in Black’s Law Dictionary, Revised Fourth Edition as: ‘The general principles by which a government is guided in its management of public affairs, or the legislature in its measures.’ ‘This term, as applied to a law, ordinance, or rule of law, denotes its general purpose or tendency considered as directed to the welfare or prosperity of the state or community.’ Webster’s Seventh New Collegiate Dictionary contains the following definition: ‘policy ... 2: a definite course or method of action selected from among alternatives and in light of given conditions to guide and determine present and future decisions.’
“If taken in the abstract, the intent and operative effect of Executive Order 36-81 would seem to fall within the scope of the above cited definitions of ‘policy’. However, as counsel for the Mayor has pointed out, there are provisions in the Mayor-Council Act which give the Mayor express control and responsibility over certain functions, among them the preparation of the budget and its submission to the City Council. [Sections 4.06(4), 5.02, 5.03, 5.04(f), 5.05 and 5.06] In connection with the preparation of the budget, Section 5.03 states in part: ‘The mayor shall hold such hearings as he may deem advisable and with the assistance of the director of finance shall review the estimates and other data pertinent to the preparation of the budgets and make such revisions in such estimates as he may deem proper, subject to the laws of the State of Alabama .... ’ Thus at least a portion of the scope of Executive Order 36-81 would seem to be within the Mayor’s prerogative.
“Considering the various arguments of counsel, in the several well written briefs which have been submitted to the Court, it is the opinion of the Court that the general framework of the relationship between the City and its employees is a policy decision, whereas the day-to-day working relationship would turn on adminstrative decisions. By analogy the National Labor Relations Act and the provisions thereof are ‘policy’ [National Labor Relations Board v. Edward G. Budd Mfg. Co., 169 F.2d 571 (6th Cir. 1948); Packard Motor Co. v. National Labor Relations Board, 330 U.S. 485, 67 S.Ct. 789, 91 L.Ed. 1040 (1946) ] while the interpretations of the act are administrative. Thus the power to establish the general relationship or position of the City in regard to its employees is vested in the City Council, not the Mayor. Once such a policy has been established, it will be the Mayor’s responsibility to implement the policy on a day-today basis. In other words, after the City Council has adopted a policy in relation to the employee organizations, it will be up to the Mayor to establish the procedures for implementing that policy. ‘Procedure’ as defined by Black’s Law Dictionary, Revised Fourt Edition is ‘The mode of proceeding by which a legal right is enforced, as distinguished from the law which gives or defines the right, .. . That which regulates the formal steps in an action.... ”
“While, in the past, the City Council has taken some actions in regard to the City’s relationship with its employee organizations [Resolution No. 1131-72 and Resolution No. 873-74], it has not formulated a comprehensive policy which would either preclude or be contrary to the actions proposed by the Mayor in Executive Order 36-81. In the absence of such a policy, it is the Court’s opinion that the Mayor, as the administrative head of the city government, must have the authority to establish such procedures as are necessary to deal with the day-to-day contact between the City and its employee organizations. Thus, in the absence of a policy established by the City Council, the Court finds that the Mayor has the authority to issue an order in the nature of Executive Order 36-81.
“While the right to limit (or prohibit) supervisory personnel from belonging to a union in which rank and file personnel are members has been established [Elk Grove Firefighters Local No. 2340 v. Willis, 400 F.Supp. 1097 (N.D.Ill.), aff’d, 539 F.2d 714 (7th Cir.1976); York County Fire Fighters v. York County, 589 F.2d 775 (4th Cir. *1290 1978)], this limitation must be drawn as narrowly as possible. [Mescall v. Rockford, 92 LRRM 2708 (N.D.Ill.1975); Shelton v. Tucker, 364 U.S. 479, 81 S.Ct. 247, 5 L.Ed.2d 231 (1960)] The Court in York County Fire Fighters, supra, stated:
“ ‘Banning membership in such a union is the least restrictive way of achieving the objective when membership in another union, not having rank and file fire department employees, is not prohibited.’ (p. 778).
Based on the above, it is the opinion of the Court that Section I.(B) of Executive Order 36-81 is too broad, and therefore, that it violates the First Amendment Constitutional rights of various employees of the City.
“Section I.(A) is a violation of the First Amendment rights of various City employees where it prohibits managerial, supervisory and confidential employees from representing themselves. Section I.(A) may be valid to the extent that it is limited solely to the prohibition of managerial, supervisory and confidential employees representing the rank and file city employees, if the definitions or clasifications of managerial, supervisory and confidential employees are proper.
“It is, therefore, CONSIDERED, ORDERED, ADJUDGED and DECREED as follows:
“ONE: The power to establish the general policy of the City in its relationship with the City’s employees is' vested in the City Council. Once the City Council has established a comprehensive policy, it will be the Mayor’s prerogative and responsibility to establish the procedures necessary to implement that policy.
“TWO: The City Council has not established a general policy to provide for the City’s relationship with its employees. In the absence of such a policy, the Mayor has the authority to promulgate the rules or procedures which will govern the City’s day-to-day contacts with its employees.
“THREE: Section I.(B) of Executive Order 36-81 violates constitutionally guaranteed rights under the First Amendment to the U.S. Constitution and is, therefore, invalid. Section I.(A) of Executive Order 36-81 violates those same rights as it applies to managerial, supervisory and confidential employees representing themselves. It is invalid to that extent. Section I.(A) may be valid so long as it is limited to a prohibition of managerial, supervisory and confidential employees representing the rank and file employees, if the definitions and classifications of managerial, supervisory and confidential employees are proper.”
BEATTY and ADAMS, JJ., concur.