Resch v State of New York (2019 NY Slip Op 03543)





Resch v State of New York


2019 NY Slip Op 03543


Decided on May 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2019

Renwick, J.P., Richter, Tom, Kapnick, Kern, JJ.


9231 161701/15

[*1]Susan Weinman Resch, et al., Plaintiffs-Appellants,
v
State of New York, et al., Defendants-Respondents.


Tuckner, Sipser, Weinstock & Sipser, LLP, New York (William J. Sipser of counsel), for appellants.
Letitia James, Attorney General, New York (Amit R. Vora of counsel), for State of New York, respondent.
Zachary W. Carter, Corporation Counsel, New York (Jamison Davies of counsel), for City of New York and Bill De Blasio, respondents.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered on or about September 5, 2017, which, in this action seeking declaratory and related relief, granted defendants' motions to dismiss, unanimously modified, on the law, solely to declare that the employment exclusion contained in Vehicle and Traffic Law § 236(2)(d) is not unconstitutional under the New York State Constitution, and otherwise affirmed, without costs.
Plaintiffs have failed to state a claim that Vehicle and Traffic Law § 236(2)(d)'s provision that hearing examiners of a municipality's parking violations bureau "shall not be considered employees of the city in which the administrative tribunal has been established" is unconstitutional.
Since plaintiffs have not identified a State law or regulation independent of the Constitution that confers upon them a property interest in the employment status they seek, they have not stated a claim for violations of their right to due process of law (NY Const art I, § 6; see Matter of Deas v Levitt , 73 NY2d 525, 531 [1989], cert denied 493 US 933 [1989]; Matter of Shelofsky v Helsby , 32 NY2d 54, 61 [1973], appeal dismissed 414 US 804 [1973]; Matter of Voorhis v Warwick Val. Cent. School Dist. , 92 AD2d 571, 572 [2d Dept 1983]; see also Matter of Daxor Corp. v State of N.Y. Dept. of Health , 90 NY2d 89, 98 [1997], cert denied 523 US 1074 [1998]).
Similarly, plaintiffs have not identified a fundamental right of which Vehicle and Traffic Law § 236(2)(d) deprives them, since "there is no fundamental right to government employment for purposes of the Equal Protection Clause" (Winkler v Spinnato , 72 NY2d 402, 406 [1988], cert denied 490 US 1005 [1989] [internal quotation marks omitted]; see NY Const art I, § 11). Accordingly, we apply rational basis review (see Maresca v Cuomo , 64 NY2d 242, 250 [1984], appeal dismissed 474 US 802 [1985]), which Vehicle and Traffic Law § 236(2)(d) survives.
Plaintiffs also have failed to state a claim that Vehicle and Traffic Law § 236(2)(d) violates the labor-not-a-commodity clause (NY Const art I, § 17), since that provision "merely guarantees to employees in New York the right to organize into trade unions free from prosecution under the antitrust laws as combinations or conspiracies in restraint of trade" (Shapiro v City of New York , 32 NY2d 96, 102 n 4 [1973], appeal dismissed 414 US 804 [1973]). The collective bargaining (NY Const art I, § 17) and merit-and-fitness (NY Const art V, § 6) clauses are equally inapplicable to plaintiffs' claimed property deprivations, and so they have failed to state a claim for violations of these clauses as well.
We modify solely to declare the rights of the parties in this action seeking, inter alia, declaratory relief (see Lanza v Wagner , 11 NY2d 317, 334 [1962], cert denied 371 US 901 [1962]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2019
CLERK