**INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS, FORGERS AND HELPERS, LOCAL 92, AFL–CIO, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 14353.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 16, 1958.

Decided Oct. 2, 1958.

Mr. Lionel Richman, Los Angeles, Cal., of the bar of the Supreme Court of California, pro hac vice, by special leave of court, with whom Mr. Herbert S. Thatcher, Washington, D. C., was on the brief, for petitioner.

Mr. Frederick U. Reel, Atty., N. L. R. B., with whom Messrs. Jerome D. Fenton, General Counsel, N. L. R. B., Thomas J. McDermott, Associate Gen. Counsel, N. L. R. B., Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., and Robert J. Wilson, Atty., N. L. R. B., were on the brief, for respondent.

Before Prettyman, Bastian and Burger, Circuit Judges.

PER CURIAM.

This case comes to us on a "Statement of The Issue" stipulated and agreed to by both parties at a prehearing conference, as follows:

"Whether the Board properly concluded that in the circumstances of this case, petitioner, by causing the discharge of employee Schneider, violated Section 8(b) (1) (A) and (2) of the National Labor Relations Act, as amended." 29 U.S.C.A. § 158(b) (1) (A), (2).

Appellant's brief, however, expands the issues to include the question whether the discharged employee, as "an Assistant Foreman with authority to recommend discipline or dismissal, direct other employees in their work, assign work and exercise such authority upon his independent judgment as a supervisor" within the meaning of the Act, § 2(11), 29 U.S.C.A. § 152(11), and hence excluded from its provisions. Additionally, appellant undertakes to present as a third issue the question whether "the Trial Examiner's conclusion, that Rule 14 of petitioner's contract was void, was in violation of due process and, if so, whether such lack of due process has invalidated the order" of the Board.

■ The plain purpose of our prehearing conference rule, 38(k), 28 U.S. C.A.,[1] having to do with review and enforcement proceedings involving administrative agencies, is to frame the issues with clarity. This is an important step in the appellate process. The rule provides in effect that, absent some unusual circumstances, appellate review is confined to the agreed issues, where there is agreement; of course counsel frequently do not agree as to what the issues are. In the instant case there was agreement, and no unusual circumstances are suggested here. However, because some laxity has heretofore existed on the part of counsel in obeying the commands of the rule, we have in this instance considered the two new points raised. It must be understood, however, that hereafter, in cases affected by Rule 38(k), counsel will be strictly limited to the issues made by them with the approval of the court, except in extraordinary cases "to prevent manifest injustice."

■ The first new issue presented by appellant's brief is disposed of, we think, by N. L. R. B. v. North Carolina Granite Corp., 201 F.2d 469 (4 Cir., 1953); N. L. R. B. v. Beaver Meadow Creamery, Inc., 215 F.2d 247, 251 (3 Cir., 1954); see S.Rep.No. 105, 80th Cong., 1st Sess. 4 (1947). The evidence is clear that the discharged employee was not a supervisor within the meaning of the Act.

With regard to the second new issue, an examination of the record discloses that it is without merit.

■ With respect to the issue stipulated at the prehearing conference, we find that the record amply supports the Board's holding that the discharge of employee Schneider violated Section 8 (b) (1) (A) and (2) of the National Labor Relations Act, as amended. 29 U.S.C.A. § 158(b) (1) (A), (2).

Affirmed.

1. "In any review or enforcement proceeding the court may in its discretion direct the attorneys for the parties to appear before the court or a judge thereof for a prehearing conference to consider the simplification of the issues and such other matters as may aid in the disposition of the proceeding by the court. The court or judge shall make an order which re- cites the action taken at the conference and the agreements made by the parties as to any of the matters considered and which limits the issues to those not disposed of by admissions or agreements of counsel, and such order when entered controls the subsequent course of the proceeding, unless modified to prevent manifest injustice."