NATIONAL LABOR RELATIONS
BOARD, Petitioner,
v.
MT. CLEMENS METAL PRODUCTS
COMPANY, Respondent.
No. 14263.

United States Court of Appeals
Sixth Circuit.
March 21, 1961.

Richard H. Frank, N. L. R. B., Washington, D. C. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Melvin Pollack, Atty., N. L. R. B., Washington, D. C., on the brief), for petitioner.

Harold B. Desenberg, Detroit, Mich. (Moll, Desenberg, Purdy & Glover, Detroit, Mich., on the brief), for respondent.

Before MILLER, Chief Judge, WEICK, Circuit Judge, and THORNTON, District Judge.

SHACKELFORD MILLER, JR., Chief Judge.

The National Labor Relations Board seeks enforcement of its order of March 25, 1960, directing the respondent, Mt. Clemens Metal Products Company, to cease and desist from threatening to close its plant if the Union was successful in organizing its plant, or otherwise threatening its employees with loss of employment if the labor organization was successful in organizing the plant; from interfering with the administration of and assisting the Shop Committee or recognizing the Shop Committee as the representative of any of its employees for the purposes of collective bargaining unless and until the said labor organization had been duly certified by the Board as the exclusive representative of such employees; and to take certain affirmative action, including the posting of an appropriate notice.

The order was based upon the findings that during the organizing campaign of the Union at respondent's plant Job Setter LaKies told a group of employees, who had been discussing whether the

Union would succeed in organizing the plant, that the respondent would close the shop before it would let the Union come in; that Job Setter Collins told employee McGuire, following a conference in the foreman's office concerning the lay-off of employees out of seniority, that if the Union was unsuccessful in getting into the plant certain employees would be discharged; that Job Setter Long was elected by the employees to represent respondent's job setters and inspectors as one of five representatives on the Shop Committee organized by a majority of the employees; and that as such representative he attended regular monthly meetings with Plant Manager Keller and Office Manager LaCroix, at which the parties bargained concerning wages, hours and conditions of employment.

It appears from the foregoing that the status of respondent's job setters is a crucial issue in the case. If they were not supervisors, but merely rank and file employees, as contended by respondent, the order is erroneous and should not be enforced. N. L. R. B. v. Sands Manufacturing Co., 306 U.S. 332, 341–342, 59 S. Ct. 508, 83 L.Ed. 682; N. L. R. B. v. Clinton Woolen Manufacturing Co., 6 Cir., 141 F.2d 753, 757.

The respondent manufactures light metal stampings for sale in interstate commerce. It operated a morning and an afternoon shift of about 120 employees each and a smaller "midnight" shift. The morning and afternoon shifts each included a foreman, four job setters, two inspectors and from 85 to 90 machine operators. Each job setter tended machines in a definite area of operations and had from 20 to 30 operators assigned to him. The job setter assigned operators to particular machines and also transferred them from one machine to another or to other work. If a machine broke down, the job setter would assign the operator to another machine or send him to work in the inspection area until the machine was repaired. The job setter would also assign a relief operator when an operator took a rest period or left his machine for a few minutes. On occasions, the job setter reprimanded employees for staying away from work too long.

■ We concur in the ruling of the Board that respondent's job setters were supervisors under the Act. Section 2 (11), National Labor Relations Act, Section 152(11), Title 29, U.S.C.A.; N. L. R. B. v. Edward G. Budd Mfg. Co., 6 Cir., 169 F.2d 571, certiorari denied Foreman's Ass'n of America v. Edward G. Budd Mfg. Co., 335 U.S. 908, 69 S. Ct. 411, 93 L.Ed. 441; Ohio Power Co. v. N. L. R. B., 6 Cir., 176 F.2d 385, 11 A.L.R.2d 243, certiorari denied 338 U.S. 899, 70 S.Ct. 249, 94 L.Ed. 553.

■ This ruling is controlling of and sustains so much of the order as directs the respondent to cease and desist from interfering with the administration of and assisting the Shop Committee or recognizing the Shop Committee as the representative of its employees until its certification by the Board. N. L. R. B. v. Pennsylvania Greyhound Lines, Inc., 303 U.S. 261, 58 S.Ct. 571, 82 L.Ed. 831; International Association of Machinists et al. v. N. L. R. B., 311 U.S. 72, 80, 61 S.Ct. 83, 85 L.Ed. 50; Sperry Gyroscope Co. v. N. L. R. B., 2 Cir., 129 F.2d 922, 930; N. L. R. B. v. Thompson Products, 6 Cir., 130 F.2d 363, 364. The employer is under a duty to refrain from any action which will place him on both sides of the bargaining table. See: Nassau and Suffolk Contractors Association, 118 N.L.R.B. 174; N. L. R. B. v. Kentucky Utilities Co., 6 Cir., 182 F.2d 810, 813.

■ But the ruling does not necessarily sustain that portion of the order that directs the respondent to cease and desist from threatening to close its plant or threatening its employees with loss of employment. The statements of Job Setters LaKies and Collins must be considered in context. Under the circumstances in which the statements were made, we do not find justification for charging them to management or for holding that they represented the views of management. On the contrary, they appear to be isolated expressions of personal opinion on the part of minor supervisory em-

ployees, not repeated, and not authorized or approved by the job setters' superiors. Pittsburgh S.S. Co. v. N. L. R. B., 6 Cir., 180 F.2d 731, 742; N. L. R. B. v. Armco Drainage & Metal Products, 6 Cir., 220 F.2d 573, 580; N. L. R. B. v. Cleveland Trust Co., 6 Cir., 214 F.2d 95, 101–102; Cone Brothers Contracting Co. v. N. L. R. B., 5 Cir., 235 F.2d 37, 41, certiorari denied 352 U.S. 916, 77 S.Ct. 214, 1 L.Ed. 2d 122; Quaker State Oil Refining Corp. v. N. L. R. B., 3 Cir., 119 F.2d 631, 633; N. L. R. B. v. Falls City Creamery Co., 8 Cir., 207 F.2d 820, 825. That portion of the order in our opinion is not supported by substantial evidence and accordingly is not approved.

The order is modified as hereinabove indicated, and as so modified, enforcement thereof is decreed.