**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MT. CLEMENS METAL PRODUCTS COMPANY, Respondent.**

**No. 14263.**

United States Court of Appeals
Sixth Circuit.

May 11, 1961.

Richard H. Frank, National Labor Relations Board, Washngton, D. C., Stuart Rothman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Melvin Pollack, Attorney, National Labor Relations Board, Washington, D. C., on brief, for petitioner.

Harold B. Desenberg, Detroit, Mich. Moll, Desenberg, Purdy & Glover, Detroit, Mich., on brief, for respondent.

Before MILLER, Chief Judge, WEICK, Circuit Judge, and THORNTON, District Judge.

## ORDER.

This cause came on to be heard upon the petition of the National Labor Relations Board to enforce an order issued by it on March 25, 1960, against the above named respondent, its officers, agents, successors and assigns. The Court heard argument of respective counsel on February 22, 1961, and has considered the briefs and transcript of record filed in this cause. On March 21, 1961, the Court handed down its decision enforcing as modified, the Board's said order. Thereafter, the respondent filed a petition for rehearing, and upon reconsideration of the issues presented therein, this Court on May 11, 1961, 287 F.2d 790, denied the said petition for rehearing and enforced, as modified, the Board's said order. In conformity therewith,

It is hereby ordered, adjudged and decreed that the respondent, Mt. Clemens Metal Products Company, Mancelona,

---

* Sitting by designation.

Michigan, its officers, agents, successors and assigns, shall:

1. Cease and desist from:

(a) Interfering with the administration of and assisting the Shop Committee or interfering with or assisting any other labor organization of its employees;

(b) Recognizing the Shop Committee, or any successor thereto, as the representative of any of its employees for the purposes of collective bargaining with respect to grievances, labor disputes, wages, rates of pay, hours of employment, or other conditions of employment, unless and until the said labor organization has been duly certified by the National Labor Relations Board as the exclusive representative of such employees;

(c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the right to self-organization, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, or to refrain from any or all such activities, except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in Section 8(a) (3) of the Act, as modified by the Labor Management Reporting and Disclosure Act of 1959, hereinafter called the Act. 29 U.S. C.A. § 158(a) (3).

2. Take the following affirmative action which the Board has found will effectuate the policies of the Act:

(a) Withdrew and withheld all recognition from the Shop Committee as representative of its employees for the purpose of dealing with the respondent concerning grievances, labor disputes, wages, rates of pay, hours of employment, or other conditions of employment, unless and until the said labor organization has been duly certified by the National Labor Relations Board as the exclusive representative of such employees;

(b) Post at its establishment at Mancelona, Michigan, copies of the notice attached hereto and marked "Appendix." Copies of said notice, to be furnished by the Regional Director for the Seventh Region of the National Labor Relations Board (Detroit, Michigan), shall, after being duly signed by respondent's authorized representatives, be posted by respondent immediately upon receipt thereof and be maintained by it for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken to insure that said notices are not altered, defaced, or covered by any other material;

(c) Notify the aforesaid Regional Director, in writing, within 10 days from the date of this Order, what steps the respondent has taken to comply therewith.

Appendix

Notice To All Employees
Pursuant To
An Order

of the United States Court of Appeals enforcing, as modified, an order of the National Labor Relations Board, and in order to effectuate the policies of the National Labor Relations Act, we hereby notify our employees that:

We Will Not interfere with the administration of or assist the Shop Committee, nor will we interfere with or assist any other labor organization of our employees.

We Will Not in any like or related manner interfere with, restrain, or coerce our employees in the exercise of the right to self-organization, to bargain collectively through representatives of their own choosing, and to engage in concerted activities for the purpose of collective bargaining or other mutual aid or protection, or to refrain from any and all such activities, except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in Section 8(a) (3) of the Act, as modified by the Labor Management Reporting and Disclosure Act of 1959.

We Will withdraw and withhold all recognition from the Shop Committee as the representative of our employees for the purpose of collective bargaining unless and until said Shop Committee has been duly certified by the National Labor Relations Board as the exclusive representative of our employees.

Mt. Clemens Metal Products Company.

(Employer)

Dated —— By ——————————

(Representative)    (Title)

This notice must remain posted for 60 days from the date hereof, and must not be altered, defaced, or covered by any other material.