KEENER RUBBER, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 15152.

United States Court of Appeals
Sixth Circuit.

Jan. 27, 1964.

Robert M. Rybolt, Canton, Ohio, Larry R. Brown, Day, Cope, Ketterer, Raley & Wright, Canton, Ohio, on brief, for petitioner.

Melvin H. Reifin, N. L. R. B., Washington, D. C., Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, Allison W. Brown, Jr., Attorney, N. L. R. B., Washington, D. C., on brief, for respondent.

Before MILLER, Circuit Judge, and LEVIN and KENT, District Judges.

PER CURIAM.

Petitioner, Keener Rubber, Inc., seeks to review and set aside an order issued by the National Labor Relations Board which found that the petitioner violated Section 8(a) (5) and (1) of the National Labor Relations Act, as amended, Section 158(a) (5) and (1), Title 29, United States Code, in refusing to bargain with the Union which had been certified as the exclusive representative of the employees in a unit appropriate for collective bargaining in petitioner's plant. The order directed the petitioner to cease and desist from the unfair labor practice found and, upon request, to bargain collectively with the Union. The Board, by its answer, seeks enforcement of the order.

In an election conducted among 38 employees in a stipulated unit at the petitioner's plant, 19 votes were cast for, and 18 against, representation by the Union. An additional ballot cast by William Mowen was challenged by the Union on the ground that Mowen was a supervisor as defined by Section 2(11) of the Act, Section 152(11), Title 29, United States Code, and was ineligible to participate in the selection of a bargaining representative. The Board directed that a hearing be held to resolve this issue. The Hearing Officer found that Mowen responsibly directed employees in the performance of their work in a nonroutine manner and was thus a supervisor within the meaning of Section 2(11) of the Act. The Board adopted the finding of the Hearing Officer and certified the Union as the exclusive representative of the petitioner's employees. Thereafter, the Union requested the petitioner to meet with it and negotiate for a collective bargaining agreement. The petitioner refused to recognize and meet with the Union. On the basis of these facts the Board found that the petitioner had refused to bargain with the Union in violation of Section 8(a) (5) and (1) of the Act, and entered the order now under review.

The only question involved is the propriety of the finding that Mowen was a supervisor within the meaning of Section 2(11) of the Act. That section provides:

"The term 'supervisor' means any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment."

█ The petitioner operated its mill room with a full complement of employees on two shifts, the first shift between the hours of 6:30 A.M. and 2:30 P.M., and the second shift from 2:30 P.M. to 10:30 P.M. In August 1960 an employee named Hammel was working as foreman on the second shift. Hammel was relieved of his duties on the second shift and transferred to the first shift. Mowen was transferred from the first shift to replace Hammel on the second shift. Although Mowen was in charge of the second shift, petitioner contends he was merely a "straw boss" or "leadman" who directed the performance of routine jobs and through whom management sent and enforced its orders with respect to the operations of the second shift. Such an employee is not a supervisor within the meaning of the Act. Precision Fabricators, Inc. v. N. L. R. B., 204 F.2d 567, 568-569, C.A.2nd; N. L. R. B. v. North Carolina Granite Corp., 201 F.2d 469, 470, C.A.4th; N. L. R. B. v. Quincy Steel Casting Co., 200 F.2d 293, 295-296, C.A.1st.

█ The evidence fails to show that Mowen possessed the authority to hire, fire, lay off, recall, promote or discharge employees or that he could effectively recommend such action, but this does not prevent him from being classified as a supervisor if he qualified as such under other provisions of the statute. Ohio Power Co. v. N. L. R. B., 176 F.2d 385, 387, 11 A.L.R.2d 243, C.A.6th, cert. de-

nied, 338 U.S. 899, 70 S.Ct. 249, 94 L.Ed. 553.

We believe it is unnecessary to review in detail the duties performed by Mowen after his transfer to the second shift, except to point out that he was in charge of the second shift and performed general supervisory duties over the employees in that shift. Whether they were sufficient to constitute him more than a "straw boss" involves a question which is often difficult to determine, in the determination of which the Board necessarily has a large measure of informed discretion. N. L. R. B. v. Swift and Company, 292 F.2d 561, 563, C.A.1st.

 It is admitted by petitioner that Mowen was one of three employees, including Hammel, who was considered for appointment as foreman of the second shift at the time Hammel was appointed; that Hammel served as foreman of the second shift from the time of his appointment on June 6, 1960, until he was replaced by Mowen on August 29, 1960; and that Mowen, upon replacing Hammel, received an increase in pay to that received by Hammel. There is evidence that the transfer of Hammel to the first shift was not because of any change in the operation of the second shift, but was because of friction between Hammel and a woman employee on the second shift; that at the time the petitioner's president made the statement that Mowen would take over the foreman's job, although the making of this statement was denied by the president; that for approximately 75% of the time the second shift was operating Mowen was the only person present in the plant with any authority over a total of ten employees, who had less experience than those on the first shift who worked under constant supervision; and that the employees looked upon Mowen as the foreman from whom they received orders, instructions and directions.

Although some of the testimony is in sharp conflict and there are categorical denials on the part of the petitioner that Mowen was appointed foreman or performed the duties of a foreman on the second shift, the credibility of the witness is a matter for the Board. United Fireworks Mfg. Co. v. N. L. R. B., 252 F.2d 428, 430, C.A.6th.

We are of the opinion that the finding that Mowen responsibly directed employees in the performance of their work in a nonroutine manner and was a supervisor within the meaning of the Act was not an abuse of discretion on the part of the Board and was supported by the evidence considered as a whole. N. L. R. B. v. Mt. Clemens Metal Products Co., 287 F.2d 790, 791, C.A.6th; N. L. R. B. v. Greenfield Components Corp., 317 F.2d 85, 88, C.A.1st; N. L. R. B. v. Syracuse Stamping Co., 208 F.2d 77, 79, C.A.2nd.

The petition to set aside the order of the Board is denied. A decree enforcing the order of the Board will be entered.