## KENNARD v. NEBRASKA.

ERROR TO THE SUPREME COURT OF THE STATE OF NEBRASKA.

No. 261.   Submitted May 2, 1902.—Decided June 2, 1902.

There was no dispute as to the facts out of which this controversy arose. The right of the plaintiff to recover under his contract with the State is not for this court to determine, unless the record discloses that he has been deprived of some title, right, privilege or immunity secured to him by the Constitution of the United States, which was specially set up or claimed in the state court.

The decision by the Supreme Court of the State of Nebraska, that the Pawnee reservation lands in that State were public lands, within the meaning of the twelfth section of the enabling act, did not bring into question the validity of that section; and there is nothing on which to rest a right to review the judgment of the Supreme Court of Nebraska.

THE case is stated in the opinion of the court.

*Mr. A. S. Tibbets* for plaintiff in error.

*Mr. F. N. Prout* for defendant in error.

MR. JUSTICE SHIRAS delivered the opinion of the court.

In May, 1897, in the District Court of Lancaster County, State of Nebraska, Thomas P. Kennard brought an action against the State of Nebraska, seeking to recover the sum of $13,521.99—being fifty per centum of a certain sum paid by the United States to the State of Nebraska, and which plaintiff alleged had been so paid by reason of his services, as a duly appointed agent of the State, in procuring the allowance of the claim of the State. The petition further stated that, in pursuance of an act of the legislature of the State, the governor had contracted with the plaintiff to promote the claim of the State, and had agreed that plaintiff was to receive fifty per centum of the amount recovered. It also alleged that by a resolution of the legislature he was authorized to prosecute his claim in the courts of the State of Nebraska.

The cause was put at issue, and came to trial, a jury being waived, and on March 11, 1898, upon the pleading and evidence, the court found for the plaintiff the sum of $13,521.99, and entered judgment accordingly. The cause was taken to the Supreme Court of Nebraska, where, on October 5, 1898, the judgment of the trial court was reversed, *State* v. *Kennard,* 56 Neb. 254; and again, on February 9, 1899, upon a rehearing, the same conclusion was reached. A writ of error was allowed, January 17, 1901, and the cause brought to this court.

The facts of this case appear, sufficiently for our purposes, in the following extract from the opinion of the Supreme Court of Nebraska, filed upon a rehearing of the case in that court:

"This is a rehearing of *State* v. *Kennard,* 56 Neb. 254; 57 Neb. 112. By section 12 of the enabling act passed by Congress, April 19, 1864, 13 U. S. Statutes at Large, 47, the United States donated to the State of Nebraska five per centum of the proceeds of sale of all public lands lying within the State of Nebraska which had prior to that time been sold, or which should subsequently be sold, by the United States, after deducting expenses incident to such sale. At the time the State was admitted into the Union a tribe of Indians, known as the 'Pawnees,' occupied in common a tract of lands in this State known as the 'Pawnee Indian reservation.' After the State was admitted into the Union the United States took such steps as resulted in the extinguishment of the rights of these Indians to the lands in this reservation, sold the lands, and, it seems, used the proceeds of the sale to defray the expenses incident thereto in procuring other lands for the Indians elsewhere, and placed the remaining proceeds of the sale of these lands in the United States Treasury to the credit of the Indians. By an act passed by the legislature of the State of Nebraska in February, 1873, (see General Statutes, 1873, ch. 59,) it seems that the legislature was of opinion that by reason of section 12 of the enabling act the United States was indebted to it for five per cent of the value of the lands lying within the State used as Indian reservations, and five per cent of the value of all lands on which private parties had located military land warrants and land scrip issued for military service in the wars of the United

States, and five per cent of the value of all such as had been donated by the United States to railroads.

"It is also recited in said act that the United States had donated to other States swamp and overflowed lands lying within their borders, but that no such donation or allowance of swamp and overflowed lands had been made to this State, and it seems to have been the opinion of the legislature that all the swamp and overflowed lands lying within the State belonging to the United States should by it be donated to the State. The act under consideration authorized the governor to employ an agent in behalf of the State, to prosecute to final decision before Congress or in the courts, the claim of the State of Nebraska against the United States for the five per cent of the value of the lands disposed of by the United States for any of the purposes already mentioned and for the purpose of procuring from the United States a donation of the swamp and overflowed lands within its borders. The act left the compensation of the agent to be agreed upon by the governor and the agent, but provided, in effect, that the agent should not be entitled to any compensation for collecting from the United States any part of the five per cent cash school fund which had been donated to the State by the United States by section 12 of the enabling act aforesaid. The governor of the State entered into a contract with Kennard in pursuance of the act of the legislature just mentioned, in and by which he authorized Kennard to prosecute and collect the claims of the State against the nation in conformity with the act of the legislature, and that the State should pay him one half of all moneys, except such cash school fund, he should collect for the State as such agent. Mr. Kennard entered upon the performance of his contract with the governor, and by his efforts induced the Secretary of the Interior to acknowledge that the United States were indebted to the State of Nebraska in the sum of five per centum of the proceeds of the sale of the 'Pawnee Indian reservation' lands made by the United States subsequent to the admission of the State into the Union; and, in pursuance of this decision of the Secretary of the Interior, the United States paid into the treasury of this State $27,000. Mr. Kennard, by permission

of the legislature, then brought this suit to recover one half of that sum. He had judgment in the District Court for Lancaster County, and the State brought the same here for review, and the judgment of the District Court was reversed. We based our judgment of reversal of this judgment upon the proposition that the lands of the 'Pawnee Indian reservation' were public lands within the meaning of section 12 of the enabling act, and that the only money collected by Mr. Kennard was the five per cent of the proceeds of the sale made of these lands by the United States, and, by the terms of his contract, he was not to have any compensation for collecting these moneys."

Upon this statement of the facts, does this court have jurisdiction to review the judgment of the Supreme Court of the State of Nebraska?

There was no dispute as to the facts out of which the controversy arose. The right of the plaintiff to recover under his contract with the State is not for us to determine, unless the record discloses that he has been deprived of some title, right, privilege or immunity secured to him by the Constitution of the United States, and unless it appears that such title, right, privilege or immunity was specially set up or claimed in the state court. *Oxley Stave Co.* v. *Butler Co.*, 166 U. S. 648; *Water Power Co.* v. *Street Rwy. Co.*, 172 U. S. 475.

Looking into the record, we do not find in the pleadings, or in the petition for a hearing any specific statement or claim by the plaintiff in error of any right, title, privilege or immunity secured to him by any provision of the Constitution of the United States. This, indeed, is admitted in the brief of the plaintiff in error, but it was claimed in the petition for allowance of a writ of error from this court, " that in the rendition of the judgment by the Supreme Court of the State there was drawn in question the construction of the statutes of the United States with reference to the lands of the Pawnee Indian reservation located in the State of Nebraska, and the act of Congress authorizing the admission of the State of Nebraska into the Union, passed April, 1864, 13 Stat. 97, and that the decision of said Supreme Court was against the plaintiff in error in such construction," and that " said decision was necessary to the judg-

ment given by the said Supreme Court, and without such decision and construction the said judgment could not have been given." And it is now contended that the plaintiff's right to recover was defeated solely by the construction the state court placed upon the Congressional acts, and that thus a Federal question appears in the record, giving this court power to review the decision of the state court.

But the validity of the acts of Congress referred to was not drawn in question by the facts of this controversy. Our jurisdiction to review the judgment of the state court rests upon section 709 of the Revised Statutes. It has often been held that the validity of a statute or treaty of the United States is not " drawn in question " within the meaning of section 709, every time rights claimed under a statute or treaty are controverted, nor is the validity of an authority every time an act done by such authority is disputed. *Baltimore & Potomac R. R. Co.* v. *Hopkins,* 130 U. S. 210 ; *Cook County* v. *Calumet &c. Canal Company,* 138 U. S. 635, 653 ; *Borgmeyer* v. *Idler,* 159 U. S. 408 ; *Blackburn* v. *Portland Mining Company,* 175 U. S. 571 ; *Florida Central Railroad Company* v. *Bell,* 176 U. S. 321, 328 ; *Water Power Company* v. *Street Railway Company,* 172 U. S. 488.

The decision by the Supreme Court of the State, that the Pawnee reservation lands in Nebraska were public lands within the meaning of the twelfth section of the enabling act, did not bring into question the validity of that section—much less was it a decision *against* its validity. As, then, the plaintiff in error specially set up or claimed no Federal right, and as the judgment of the Supreme Court of Nebraska did not impugn the validity of any statute of the United States, we find nothing on which to rest a right to review that judgment, and the writ of error is accordingly

*Dismissed.*