618 F.2d 48
 27 Fair Empl.Prac.Cas. 909,
28 Empl. Prac. Dec. P 32,411
LEGAL AID SOCIETY OF ALAMEDA CO., Plaintiffs-Appellees,
and
National Association for the Advancement of Colored People
et al., Intervenor,
v.
John DUNLOP, Secretary of the United States Department of
Labor, et al., Defendants,
and
The Chamber of Commerce of the United States of America, on
behalf of Boise Cascade Corporation; Georgia-Pacific
Corporation; St. Regis Paper Company, Weyerhaeuser Company
and all other similarly-situated companies, Intervenors-Appellants.
 Nos. 75-1870, 75-2858.
 United States Court of Appeals,
Ninth Circuit.
 April 10, 1980.
 
 Gerard C. Smetana, Chicago, Ill., for intervenors-appellants.
 Stephen E. Ronfeldt, Oakland, Cal., Paul Blankenstein, Washington, D. C., for plaintiffs-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before BROWNING, WALLACE and KENNEDY, Circuit Judges.
 PER CURIAM:
 
 
 1
 We consider here two separate appeals arising from orders by the district court in a case related to others that have already been the subject of a separate appeal. Legal Aid Society of Alameda County v. Brennan, 608 F.2d 1319 (9th Cir. 1979) (hereinafter cited as Legal Aid I ). The two appeals before us here are brought by the Chamber of Commerce of the United States. In No. 75-2858 the Chamber appeals from a district court order which denied it the right to intervene in the action below as a full party. In No. 75-1870 the Chamber appeals from certain discovery orders made, the district court having granted intervention to the Chamber for the limited purpose of contesting such orders.No. 75-2858 Intervention
 
 
 2
 A brief discussion of the litigation will indicate why we have concluded that the order denying the Chamber the right to intervene should be vacated and remanded for further consideration.
 
 
 3
 In June, 1974, plaintiffs in the action below obtained a partial summary judgment in a suit to require the United States Department of Agriculture to enforce certain affirmative action regulations against its private contractors. The nature of that suit is described in more detail in Legal Aid I. In August, 1974, the Chamber moved to intervene as a full party. It was granted leave to intervene solely for the purpose of permitting it to appeal the order granting partial summary judgment. The district court's denial of the Chamber's motion to intervene as a party for all purposes was not then appealed.
 
 
 4
 In September, 1974, the litigation expanded to cover contracts entered into by the General Services Administration. There followed a motion by plaintiffs to compel the Government to produce certain affirmative action reports and related documents, and the Chamber was again allowed partial intervention for purposes of opposing this disclosure. The motion to compel discovery was granted on March 26, 1975.
 
 
 5
 On May 30, 1975, the Chamber filed a second motion to intervene in the GSA portion of the suit. Its position was that the Government appeared to have changed its fundamental stance in the controversy so that it was no longer in a position to represent all of the interests of the Chamber. In part, this was based on the showing that in March of 1975 the Government had withdrawn its appeal in Legal Aid I. The apparent grounds for the district court's denial of this motion to intervene were that it was simply a repetition of the August, 1974 motion, that it was based upon facts known to the Chamber long before the second motion was made and that the Government's representation was adequate to defend the interests of the Chamber.
 
 
 6
 We rule that the district court did not apply the correct legal standard in finding the Chamber's second motion was not a timely one and that it should have considered the motion in light of the substantially different position that had then been assumed by the Government as the principal defendant. All of the circumstances of a case must be considered in ascertaining whether or not a motion to intervene is timely under Fed.R.Civ.P. 24. The date on which the party seeking intervention became aware of the litigation is by itself not always relevant. NAACP v. New York, 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973); Stallworth v. Monsanto Co., 558 F.2d 257, 264-66 (5th Cir. 1977). In particular, the relevant circumstance here for determining timeliness is when the intervenor became aware that its interest would no longer be protected adequately by the parties: this was the precise issue decided in United Airlines, Inc. v. McDonald, 432 U.S. 385, 394, 97 S.Ct. 2464, 2469, 53 L.Ed.2d 423 (1977).
 
 
 7
 The district court, we think, misconstrued its required inquiry into adequacy of representation under rule 24. It relied mainly on the assertion that "the Government's vigorous defense on the merits in this case quite fully protects the interests of the Chamber . . . ." The controlling cases, however, emphasized that "(t)he requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." Trbovich v. UMW, 404 U.S. 528, 538-39 & n. 10, 92 S.Ct. 630, 636, n.10, 30 L.Ed.2d 686 (1972); Johnson v. San Francisco Unified School District, 500 F.2d 349, 352-54 (9th Cir. 1974) (per curiam). The United States took a contrary position to the Chamber on a critical discovery issue and then withdrew its appeal from the order granting partial summary judgment, and these were factors that bore significantly upon the Chamber's second intervention motion. Whether an order which grants leave to intervene would create prejudice to the other parties is not clear to us. That the Chamber would only be assuming the adversary role formerly discharged by the Government and that the case has apparently not progressed to the point where it is ready for trial on the merits of the issues remaining after our affirmance of the partial summary judgment in Legal Aid I are factors which would weigh in favor of allowing intervention. Another factor to weigh is the degree to which the Chamber can protect its interests in any administrative proceeding that would precede debarment of a contractor: the availability and efficacy of these "show cause" proceedings is disputed by the parties.
 
 
 8
 In light of these considerations, as well as any changes in the litigation resulting from this court's decision in Legal Aid I, we remand the intervention issue to the trial court for further consideration.
 
 No. 75-1870 Discovery
 
 9
 In No. 75-1870, the appeal is from the order compelling the Government to produce certain documents. Those documents have now been produced, but appellants argue the case should not be moot since both this court and the Supreme Court denied a stay of the order pending appeal. It is unnecessary for us to resolve the mootness problem, however, since we find the discovery order is not final and is not appealable. None of the exceptions to the general nonfinality of discovery orders applies to the facts of this case. See Premium Service Corp. v. Sperry & Hutchinson Co., 511 F.2d 225 (9th Cir. 1975) (discovery order final when beyond jurisdictional reach of court trying underlying lawsuit); Theriault v. United States, 503 F.2d 390 (9th Cir. 1974) (discovery order final when rule 34 motion denied during FOIA proceeding); Carr v. Monroe Mfg. Co., 431 F.2d 384 (5th Cir. 1970), cert. denied, 400 U.S. 1000, 91 S.Ct. 456, 27 L.Ed.2d 451 (1971) (discovery order appealable when governmental privilege asserted and government not party to suit). These cases present aspects of finality not present here. It would be an unwarranted expansion of the collateral order doctrine to rule that the order before us is final and appealable.
 
 
 10
 The decision of the district court is REVERSED and REMANDED in No. 75-2858, and the appeal in No. 75-1870 is DISMISSED for lack of jurisdiction.