**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VIRGIL E. DAY; MEL
HOOMANAWANUI; JOSIAH L.
HOOHULI; PATRICK L.
KAHAWAIOLAA; SAMUEL L.
KEALOHA, JR.,
          *Plaintiffs-Appellants,*

                    v.

HAUNANI APOLIONA, individually
and in her official capacity as
Chairperson and Trustee of the
Office of Hawaiian affairs;
ROWENA AKANA; DANTE
CARPENTER; DONALD CATALUNA;
LINDA KEAWE'EHU DELA CRUZ;
COLETTE Y. PI'IPI MACHADO; BOYD
P. MOSSMAN; OSWALD K. STENDER;
JOHN D. WAIHEE, IV, Trustees of
the Office of Hawaiian Affairs of
the State of Hawaii, sued in their
official capacities for declaratory
and prospective injunctive relief;
sued in individual capacities for
damages; CLAYTON HEE; CHARLES
OTA, Former Trustees of the
Office of Hawaiian Affairs of the
State of Hawaii, sued in their
individual capacities for damages,
          *Defendants-Appellees.*

No. 06-16625

D.C. No.
CV-05-00649-SOM
District of Hawaii,
Honolulu

ORDER

13725

Filed October 11, 2007

Before: David R. Thompson, Marsha S. Berzon, and
Richard C. Tallman, Circuit Judges.

---

**ORDER**

The State of Hawaii was amicus curiae in this matter in
proceedings before the district court and on appeal. It pre-
sented an argument that was potentially dispositive of this
case, namely, that plaintiffs do not have individual rights
under § 5(f) of the Hawaiian Admission Act that are enforce-
able through 42 U.S.C. § 1983. Defendants, including the
state Office of Hawaiian Affairs (OHA), took no position with
regard to that question.

The district court agreed with Hawaii on this issue and dis-
missed the case. We reversed, on the ground that earlier Ninth
Circuit precedent had decided the issue and was not, as the
district court believed, fundamentally inconsistent with later-
decided Supreme Court authority. As a consequence, we con-
cluded, a three-judge panel could not disregard the precedent.
*See Day v. Apoliona,* No. 06-16625 (Aug. 7, 2007) (slip op.),
at 9447.

Hawaii now moves to intervene pursuant to Fed. R. Civ. P.
24, in order to petition for panel rehearing and petition for
panel rehearing en banc. Under Federal Rule of Appellate
Procedure 35(b), only a party to a matter before this court
may petition for rehearing or rehearing en banc. The State of
Hawaii's petition may therefore only be considered if its
Motion to Intervene is granted.

We note that Hawaii had the opportunity to intervene in
this matter at any time during these proceedings, both before
the district court and before this Court on appeal. The State

of Hawaii indicates that it is filing its Motion to Intervene now because none of the current parties will file a petition for rehearing or for rehearing en banc. However, the reason for this posture has been present since these proceedings began, as OHA has declined from the beginning to defend on the ground the Plaintiffs may not sue under § 1983.

To intervene under Fed. R. Civ. P. 24(a)(2), the State of Hawaii must show that (1) "it has a significant protectable interest relating to the . . . subject of the action;" (2) "the disposition of the action may, as a practical matter, impair or impede . . . [its] ability to protect its interest;" (3) "the application is timely;" and (4) "the existing parties may not adequately represent . . . [its] interest." *United States v. Alisal Water Corp.,* 370 F.3d 915, 919 (9th Cir. 2004). The State of Hawaii has a protectable interest in the lands granted to it under the Hawaiian Admission Act and the use of their proceeds and income to carry out the mandates of § 5(f). *Forest Conservation Council v. United States Forest Serv.,* 66 F.3d 1489, 1494 (9th Cir. 1995). The disposition of this action may impede the State's ability to protect this interest, not the least because the Opinion may have a precedential impact regarding the availability of an enforceable right of action under § 1983 to challenge the use of these proceeds and income. *Greene v. United States*, 996 F.2d 973, 977 (9th Cir. 1993).

The unwillingness of the OHA defendants to take a position on this issue, and, consequently, to petition for rehearing, means that the State of Hawaii's interest is not adequately protected at this stage of the litigation. *Forest Conservation Council,* 66 F.3d at 1498-99 (interest inadequately protected if present parties will not make the intervenor's arguments). That the State has participated previously in this action as amicus curiae does not mean that its interest is protected now, as its ability to seek further review is conditioned on attaining party status. *United States v. City of Los Angeles,* 288 F.3d 391, 400 (9th Cir. 2002) ("Amici status is insufficient to pro-

tect the [intervenor's] rights because such status . . . gives it no right of appeal.").

Determination of the timeliness of a motion to intervene depends upon (1) "the stage of the proceeding," (2) "the prejudice to other parties," and (3) "the reason for and length of the delay." *Alisal,* 370 F.3d at 921. Although these proceedings are now two years old, "mere lapse of time, without more, is not necessarily a bar to intervention." *Id.* Although prejudice to a party exists when " 'relief from longstanding inequities is delayed,' " *id.* at 922 (citations omitted), granting the State of Hawaii's Motion to Intervene will not create delay by "inject[ing] new issues into the litigation," *id.*, but instead will ensure that our determination of an already existing issue is not insulated from review simply due to the posture of the parties. Moreover, the fact that the State of Hawaii is filing its Motion now, rather than earlier in the proceedings, does not cause prejudice to Day and the other plaintiffs, since the practical result of its intervention — the filing of a petition for rehearing — would have occurred whenever the state joined the proceedings. *United States ex rel. McGough v. Covington Technologies Co.,* 967 F.2d 1391, 1395 (9th Cir. 1992).

A would-be intervenor's delay in joining the proceedings is excusable when the intervenor does not " 'know[ ] or ha[ve] reason to know that his interests might be adversely affected by the outcome of litigation.' " *Alisal,* 370 F.3d at 923 (citation omitted). Here, the State of Hawaii asserts that up until this point in the proceedings, it believed it could adequately protect its interests through participation in the case as an amicus. This assertion does not account for the fact that the state was aware of the litigation and that the litigation had the potential to affect its interests.

However, this Court has stated that "all the circumstances of a case must be considered in ascertaining whether or not a motion to intervene is timely under Fed. R. Civ. P. 24."

*Legal Aid Society of Alameda Co. v. Dunlop,* 618 F.2d 48, 50 (9th Cir. 1980). In this case, it cannot be said that the state ignored the litigation or held back from participation to gain tactical advantage; instead it sought amicus status, and — singlehandedly — argued a potentially dispositive issue in this case to the district court and this panel. While this Court has denied intervenor status to amici who waited to join proceedings until after rulings on dispositive pre-trial motions and then sought to interject new issues into the litigation, *see Smith v. Marsh,* 194 F.3d 1045, 1050-51 (9th Cir. 1999), here the State's intervention does not similarly threaten to broaden the scope of the case going forward.

While we find the State of Hawaii's explanation for why it did not intervene earlier less than entirely persuasive, our concerns are outweighed by our discomfort with what will occur at this stage of the proceedings if its motion is not granted. Unless the State of Hawaii is made a party to these proceedings, no petition for rehearing can be filed in this Court, and there will be no opportunity for the Supreme Court to consider whether to grant certiorari. We note that Hawaii's legal arguments on the merits of the § 1983 issue are by no means frivolous, although we have concluded after careful consideration that they cannot be accepted under prior Ninth Circuit precedent. In the absence of any significant prejudice to Day from granting the motion at this time rather than earlier, we find these considerations determinative in this case.

In sum, even though Hawaii could have and should have intervened earlier, we will not foreclose further consideration of an important issue because of the positions of the original parties, despite the long term impact on the State of Hawaii. Granting the State of Hawaii's Motion to Intervene avoids this result.

The State of Hawaii's Motion to Intervene is GRANTED. The State of Hawaii's Petition for Panel Rehearing and Petition for Rehearing En Banc, which was lodged with this Court

on August 17, 2007, is ordered filed as of the date of this Order.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.