FILED
United States Court of Appeals
Tenth Circuit

February 26, 2008

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STATE OF OKLAHOMA ex rel.,
W.A. DREW EDMONDSON,
ATTORNEY GENERAL OF
OKLAHOMA,

        Plaintiff-Appellee,

    v.

TIM POPE,

        Defendant-Appellant.

No. 07-6093

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. NO. CIV-06-487-C)**

---

Stephen Jones (April M. Davis with him on the briefs), Jones, Otjen, Davis &
Nixon, Enid, Oklahoma, for Defendant-Appellant.

Thomas A. Bates, Assistant Attorney General (W.A. Drew Edmondson, Attorney
General, with him on the brief), Oklahoma City, Oklahoma, for Plaintiff-
Appellee.

---

Before **KELLY**, **EBEL**, and **McCONNELL**, Circuit Judges.

---

**McCONNELL**, Circuit Judge.

---

Federal Rule of Civil Procedure 5.1 requires a party contesting the constitutionality of a federal statute to serve the Attorney General of the United States with notice of the action. 28 U.S.C. § 2403(a) requires the court ruling on such a challenge to do the same. Upon receiving notice, the Attorney General has a right to intervene as a party in the case and present evidence if he so desires. *Id.*

In this case, in response to an enforcement action brought by the Attorney General of Oklahoma, defendant-appellant Tim Pope challenged the constitutionality of a portion of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, which regulates the use of automated telephone dialing systems. He argues that requiring identification of the party responsible for the automated phone call violates his free speech rights under the First Amendment because it forces him to forgo his ability to speak anonymously.[1] Neither Mr. Pope nor the district court notified the United States Attorney General of this constitutional challenge to a federal statute. At oral argument,

_____

[1] 47 U.S.C. § 227(d)(3)(A) authorizes and requires the Federal Communications
Commission to adopt a regulation mandating that:

all artificial or prerecorded telephone messages (i) shall, at the beginning of the message, state clearly the identity of the business, individual, or other entity initiating the call, and (ii) shall, during or after the message, state clearly the telephone number or address of such business, other entity, or other individual . . . .

The regulations were adopted in 47 C.F.R. §64.1200(b).

neither party even seemed aware that this requirement existed.[2]  We therefore

vacate the district court's judgment and remand to the district court to certify the

case to the Attorney General pursuant to Federal Rule of Civil Procedure 5.1 and

28 U.S.C. § 2403.

The certification requirement protects the public interest by ensuring that

the Executive Branch can make its views on the constitutionality of federal

statutes heard.  28 U.S.C. § 2403(a); 7C Charles Alan Wright, Arthur R. Miller &

Mary Kay Kane,  Federal Practice and Procedure § 1915 (2d ed. 1986); Note,

*Federal Intervention in Private Actions Involving the Public Interest*, 65 Harv. L.

Rev. 319, 321–324 (1951); *see also Tonya K. ex rel. Diane K. v. Bd. of Educ. of

Chi.*, 847 F.2d 1243, 1247 (7th Cir. 1988) (certification is "designed to give the

Executive Branch both the time" and opportunity "to make its views known . . .").

When the parties and the court statutorily charged with notifying the

Attorney General of a constitutional challenge to a federal statute fail to do so,

the appellate court has discretion to respond in different ways, depending on the

nature of the arguments and the progress of the litigation.  *See, e.g.*, *In re Young*,

82 F.3d 1407, 1412–13 (8th Cir. 1996) (case was removed from the oral argument

---

[2]At oral argument, counsel informed the Court that the state had provided notice to the Federal Communications Commission that it was bringing an enforcement action under the TCPA, pursuant to 47 U.S.C. § 227(f)(1).  This requirement, however, is in addition to the general certification rule, which requires that the United States Attorney General receive notice when the constitutionality of the statute is being challenged.

calendar and certified to the Attorney General); *Merrill v. Town of Addison*, 763 F.2d 80, 83 (2d Cir. 1985) (state attorney general was notified after oral argument and intervened with a supplemental brief).  It often may suffice to notify the Attorney General and allow him to intervene on appeal.

In this case, however, we find it appropriate to remand to the district court. A number of arguments were waived or abandoned by the parties either in district court or on appeal, including the appropriate standard of review, *cf. McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 345 (1995), the possibility of a saving construction, and the interests served by the statute.  For example, in its brief, the state offered only one general justification for the identification requirements—protecting residential privacy.  Appellee's Brief 18.  It failed to show, however, how requiring disclosure of a name and a phone number, instead of just a phone number alone, was narrowly tailored, or necessary, to that interest.

The public interest is not well served when a federal statute is challenged and potentially invalidated in litigation among private parties, or even in litigation involving state governments, in the absence of input from the institution that has the responsibility and expertise to defend Acts of Congress.  We therefore vacate the judgment and remand to the district court with instructions to notify the Attorney General of the United States of this constitutional challenge. If the Attorney General chooses to intervene, he may present new arguments and issues and present new evidence, without limitation based on law of the case or

other preclusion doctrines.  If the Attorney General chooses not to intervene, the district court should reinstate its former opinion.  In that event, should there be an appeal, this Court will rule on the basis of the previously submitted briefs and argument.

We **VACATE** the district court's order and **REMAND** to the district court for further proceedings in accordance with this opinion.