THOMAS, Circuit Judge,
dissenting:
The majority’s decision to prevent the State of California from intervening in this case conflicts with controlling circuit precedent and deprives one of the parties most affected by our decision the opportunity to even present an argument to us on an important constitutional question affecting millions of citizens. I respectfully dissent.
I
This case began with consideration of the narrow but important question of whether the scope of the Second Amendment extended to concealed carry of handguns in public and, if so, whether San Diego County’s “good cause” requirement unconstitutionally infringed on that right. However, on appeal, the case morphed into another challenge entirely, as the majority opinion instead considered the constitutionality of California’s firearm regulatory framework.
That the opinion primarily addressed state regulation of handguns could hardly be clearer. Although the majority stated that the plaintiffs “focus[ ] [their] challenge on the licensing scheme for concealed carry,” it construed the plaintiffs’ complaint as contending that “the San Diego County policy in light of the California licensing scheme as a whole violates the Second Amendment” and “targets the constitutionality of the entire scheme.” Peruta v. County of San Diego, 742 F.3d 1144, 1171 (9th Cir.2014) (emphasis in original). It reasoned that in order to resolve the plaintiffs’ claims, “we must assess whether the California scheme deprives any individual of his constitutional rights.” Id. at 1169 (emphasis added). Thus, in the majority’s view, the issue in the case is not the concealed carrying of a weapon but rather “whether [the California scheme] allows the typical responsible, law-abiding citizen to bear arms in public for the lawful purpose of self-defense.” Id. The majority stated that “if self-defense outside the home is part of the core right to ‘bear *577 arms’ and the California regulatory scheme prohibits the exercise of that right, no amount of interest-balancing under a heightened form of means-ends scrutiny can justify San Diego County’s policy.” Id. at 1167.
Given the majority’s opinion, the statutory command on intervention is direct. If the constitutionality of a state statute is drawn into question, that state must be afforded the opportunity to intervene. 28 U.S.C. § 2403(b) provides:
In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of .the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.
Further, Federal Rule of Civil Procedure 24(a) provides, in relevant part, that “[o]n timely motion, the court must permit anyone to intervene who ... is given an unconditional right to intervene by a federal statute.” Given the clear language of 28 U.S.C. § 2403(b), California should be afforded the right to intervene under Rule 24(a).[1]
In addition, California also has the right to intervene under Federal Rule of Civil Procedure 24(a)(2), which provides that a court must permit anyone to intervene who
claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant’s ability to protect its interest, unless existing parties adequately represent that interest.
Fed.R.Civ.P. 24(a)(2).
Generally, “Rule 24(a)(2) is construed broadly in favor of proposed intervenors.” United States ex rel. McGough v. Covington Tech. Co., 967 F.2d 1391, 1394 (9th Cir.1992). The “liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts.” United States v. City of. Los Angeles, 288 F.3d 391, 397-98 (9th Cir.2002) (citation omitted). As we have noted:
By allowing parties with a practical interest in the outcome of a particular cáse to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court.
Id. at 398 (citation omitted).
The opinion at issue directly involves the entirety of California’s handgun regulation scheme, and will greatly impact any future *578 litigation pertaining to the scheme’s constitutionality. However, because the County has elected not to pursue a petition for rehearing en banc, no existing party can adequately represent California’s interests. Therefore, the requirements of Rule 24(a)(2) are also satisfied.
The majority concludes that California’s motion is not timely, citing to the principle that “[a] party seeking to intervene must act as soon as he knows or has reason to know that his interests might be adversely affected by the outcome of the litigation.” United States v. State of Oregon, 913 F.2d 576, 589 (9th Cir.1990). Yet this is exactly what California has done. It was not until the majority decision was filed that San Diego County indicated it would no longer defend the case. More importantly, until the majority opinion was issued, it was not apparent that any law or regulation other than the county-specific good cause requirement was in jeopardy. The district court opinion focused solely on the good cause requirement, and the plaintiffs were careful to argue that the case was about the County’s policy, not state regulation. See Peruta v. County of San Diego, 758 F.Supp.2d 1106, 1113-17 (S.D.Cal.2010). California moved to intervene as soon as it was put on notice that its interests were at stake and would no longer be defended by the County.
As such, this case is similar to Day v. Apoliona, 505 F.3d 963 (9th Cir.2007). Day involved a Section 1983 action against the Office of Hawaiian Affairs. The State of Hawaii, filing as amicus but without requesting to intervene, argued that the plaintiffs had no individual rights under the Hawaiian Admission Act that were enforceable under 42 U.S.C. § 1983 — a position that the defendants declined to support. Id. at 964. The district court agreed with Hawaii and dismissed the case. When we reversed, the State of Hawaii filed a motion to intervene to file a petition for rehearing en banc because the Office of Hawaiian Affairs had decided not to do so. We granted the motion to intervene, despite the fact that “Hawaii had the opportunity to intervene in this matter at any time during these proceedings, both before the district court and before this Court on appeal.” Id.
The majority contends that Day is distinguishable from this case because California did not file an amicus brief. But California had no need to seek a role in this case until now. In this way, the case for intervention in Day was in fact weaker than the one presented here, because the defendants in Day had declined “from the beginning” to defend the State of Hawaii’s position, while the plaintiffs clearly asserted a theory impacting the State. Id. at 965. Here, the County defended the policy in full before both this Court and the district court, and the plaintiffs attempted to craft a case that would avoid impacting California regulation.
There can be no doubt that California has a “significant protectable interest,” Donnelly v. Glickman, 159 F.3d 405, 410 (9th Cir.1998), in defending the constitutionality of its laws and regulations regarding handguns and the safety of its citizens. These laws and regulations have been placed in jeopardy by the majority opinion, and no party remains — for the first time in this case — that can adequately defend them. Given the circumstances of this case, California’s motion is timely. The plaintiffs will not be prejudiced if California is permitted to intervene — indeed, the plaintiffs did not object to allowing California to intervene under Rule 24(a)(2). Therefore, California has a right to intervene under Rule 24(a).
II
Even if California did not have a right to intervene under Rule 24(a), we should *579 grant the State’s alternative request for permissive intervention under Federal Rule of Civil Procedure 24(b). Rule 24(b) permits permissive intervention on the part of a party “who has a claim or defense that shares with the main action a common question of law or fact.” The rule requires (1) an independent ground for jurisdiction, (2) a timely motion, and (3) a common question of law or fact. Blum v. Merrill Lynch Pierce Fenner & Smith Inc., 712 F.3d 1349, 1353 (9th Cir.2013).
Federal question jurisdiction exists, and California is not raising any new claims. Therefore, the independent jurisdictional requirement is satisfied. Freedom from Religion Found., Inc. v. Geithner, 644 F.3d 836, 844 (9th Cir.2011). As discussed, the motion is timely under the circumstances presented by the case, and there is no question that there are common issues of fact and law. Therefore, California has satisfied the requirements for permissive intervention. Moreover, the plaintiffs (as well as the defendants) do not oppose permissive intervention. Given the stakes at issue in this ease, we should grant permissive intervention upon denying intervention as of right.
Ill
Finally, there is an additional, independent ground for granting California’s motion to intervene. In my dissent to the panel opinion, I expressed the view that the plaintiffs should have been required to comply with Federal Rule of Civil Procedure 5.1. Peruta v. County of San Diego, 742 F.3d 1144, 1196 (9th Cir.2014) (Thomas, J., dissenting). “Under that rule, if the state or one of its agents is not a party to a federal court proceeding, ‘[a] party that files a pleading ... drawing into question the constitutionality of a ... state statute must promptly’ serve the state’s attorney general with notice of the pleading and the constitutional question it raises.” Id. (quoting Fed.R.Civ.P. 5.1(a)). When constitutional issues are raised, the rule also requires the district court to certify to the state’s attorney general that the constitutionality of the state statute has been questioned, and permit the state to intervene to defend it. Fed.R.Civ.P. 5.1(b), (c).
If proper certification to the attorney general is not made in the district court, then the remedy on appeal is either to allow intervention on appeal or vacate the decision and remand to the district court to allow intervention. Oklahoma ex rel. Edmondson v. Pope, 516 F.3d 1214, 1216 (10th Cir.2008). Here, we do not need to go so far as to vacate the decision and remand the case, as the Tenth Circuit did. Instead, the proper remedy is to allow California to intervene on appeal to defend its interest.
IV
In sum, California’s motion is timely, and it should be afforded the right to intervene on appeal under Federal Rule of Civil Procedure 24(a). Alternatively, we should grant its motion for permissive intervention under Rule 24(b). Finally, the failures under Rule 5.1 of the plaintiffs to name the State and the district court to certify that constitutional questions were at issue require us to allow intervention on appeal to correct that error.
I respectfully dissent.[2]

. The majority concludes that "the constitutionality" of California's laws have not been "drawn in question,” based on several cases from the Supreme Court. However, those cases are concerned with the appellate jurisdiction of the Supreme Court, not the proper standard for intervention. See United States ex rel. Lisle v. Lynch, 137 U.S. 280, 281, 11 S.Ct. 114, 34 L.Ed. 700 (1890); Kennard v. State of Nebraska, 186 U.S. 304, 308, 22 S.Ct. 879, 46 L.Ed. 1175 (1902); Jett Bros. Distilling Co. v. City of Carrollton, 252 U.S. 1, 5-6, 40 S.Ct. 255, 64 L.Ed. 421 (1920); Wilson v. Cook, 327 U.S. 474, 480, 66 S.Ct. 663, 90 L.Ed. 793 (1946).

. If California is granted intervention, I would also vote to grant the Brady Center to *580 Prevent Gun Violence's motion for permissive intervention. I would also construe the petition for rehearing en banc filed by the California Police Chiefs' Association and the California Peace Officers’ Association as a motion for permissive intervention and grant the motion.